## GLASS v. GARBER ET AL.

DAMAGES.—*Measure of.*—*Nominal.* — *Contract to Publish Legal Notice.*— *Breach.*—*Newspaper.*—*Liquor Dealer.*—A complaint for damages alleged that the plaintiff, a retailer of intoxicating liquors, licensed under the law of this State, to obtain a renewal of such license, then about to expire, paid to the defendant, the proprietor of a weekly newspaper, a certain sum, for which the latter agreed to publish, in such newspaper, a sufficient, timely notice of the plaintiff's intention to apply to the proper county board for such license; but that, on account of the defendant's failure so to do, the plaintiff had failed to obtain such license, and was compelled to suspend such business for a certain period.

*Held*, on demurrer, that such cause of action is sufficient to entitle the plaintiff to more than nominal damages.

*Held*, also, that the plaintiff is entitled to damages in at least the amount of such price so paid.

*Held*, also, that such price, though but three dollars and fifty cents, is not so small as to bring the cause, on appeal to the Supreme Court, within the rule, *de minimis non curat lex*.

*Held*, also, that the fact that the plaintiff's business property was rendered useless during and by such suspension of business should be considered in estimating his damages.

*Held,* also, that mere speculative profits which the plaintiff might have realized during such suspension of his business, if it had not been suspended, are not a proper basis upon which to assess his damages.

SAME.—*Custom.*—*Surplusage.*—An allegation in such complaint as to a custom in the defendants of themselves furnishing copies of the forms of such notices is mere surplusage.

From the Jefferson Circuit Court.

*C. A. Korbly,* for appellant.

*W. T. Friedley, J. R. Cravens* and *J. Y. Allison,* for appellees.

BIDDLE, J.—Action by the appellant, against the appellees.

Complaint in two paragraphs.

The first alleges, in substance, "that the defendants, at, etc., were partners, doing business under the firm name and style of M. C. Garber & Co., and, as such, were engaged in printing and publishing a public weekly newspaper, called the Madison Weekly Courier, at said county; that at the same time, the plaintiff was the proprietor of a saloon on Main Cross street, in the city of Madison, in said county, and engaged in the business of selling intoxicating liquors in a less quantity than a quart at a. time, to be drank in said saloon; that the plaintiff had, for many years, been engaged in that business, and had the proper license therefor. That, on February 5th, 1872, the plaintiff's license being about to expire, and he being desirous to renew the same, the defendants, in consideration of the sum of three dollars and fifty cents, then paid them by the plaintiff, agreed to publish a notice in said weekly newspaper, such as is required by the statute in such case made and provided, twenty days before the first day of the meeting of the board of commissioners hereinafter named, that the plaintiff would apply to the board of commissioners of Jefferson county, Indiana, at their then next ensuing March term, in said year 1872, for a license to sell intoxicating liquors in a less quantity

than a quart at a time, at said saloon on Main Cross street aforesaid. That the notice which the defendants agreed to publish was substantially as follows: (Here a copy of an ordinary notice of application for license is set out, but it is unnecessary to transcribe it.) That the defendants had published a similar notice for the plaintiff a year before, and had the proper form on their files, which was well known to both parties; and the defendants made said agreement without requiring the plaintiff to furnish any form or copy of said notice, but it was the intention of both parties that the defendants should set up the notice from the one previously published by them. That at the time of the agreement, the plaintiff's license had but twenty-seven days to run, and expired on March 6th, 1872, which the defendants well knew; but the defendants, not regarding their promise, failed and neglected to publish the said notice in their said newspaper, twenty days before the first day of said term of said commissioners' court, whereby the plaintiff was unable to procure such license at said term. That the plaintiff did not discover that the defendants had not complied with their agreement, until it was too late to have the same published elsewhere. That by reason of the defendants' failure to comply with their agreement, the plaintiff was compelled to, and did, close up his said saloon, and was prevented from carrying on his said business for thirty days, successively, until, by publishing another notice, in another paper, he was enabled to procure another license, which was procured by him on April 8th, 1872. That the plaintiff's business, during the thirty days, was [would have been?] worth fifteen dollars per day, above expenses, which the plaintiff lost by being compelled to close up his saloon, etc. Wherefore," etc.

The second paragraph was much like the first. It alleged that, on March 6th, 1871, the plaintiff procured a license "upon a notice published by the defendants," and that, on February 5th, 1872, the defendants, for the con-

Glass *v.* Garber *et al.*

sideration specified in the first paragraph, agreed to make the publication of the notice, but it does not allege· that " The defendants made such agreement without requiring the plaintiff to furnish· any form or copy of said notice, but it was the intention of both parties that the defendants should set up the notice from the one previously published by them." It contained, however, the following averments, which were stricken out, on motion of the defendants, and the plaintiff excepted :

" The plaintiff says, that the defendants had often before published like notices for the plaintiff, and publicly solicited that kind of business, and had a description of the locality thereof; and the plaintiff says, it was the custom and manner of doing business at the defendants' said printing and newspaper office for said defendants to prepare the form of notices for application for license for the compositors and printers, especially where they had formerly published a like notice for the same party, and not to require the party for whom the notice was published to procure any written notice or form of notice for their printers; and the plaintiff says, that said contract was· made with tacit reference to said custom and manner of doing business, and the defendants well knew the form of notice which the plaintiff desired to have published, and, knowing the same, agreed to do it as hereinbefore alleged."

After the matter above indicated had been stricken out of the second paragraph, separate demurrers were filed to each paragraph, for want of a statement of sufficient facts, which were sustained, and the plaintiff excepted. The plaintiff declining to amend, final judgment was rendered for the defendants.

The errors assigned call in question the correctness of the ruling in striking out a portion of the second paragraph, and in sustaining the demurrers to each paragraph of the complaint. There was no error committed in striking out the portion indicated from the second para-·

graph. The averment was useless by itself, and in no wise useful to the other allegations.

It is contended by the appellees that the complaint, at most, but shows a case for nominal damages. This court would not reverse a case, perhaps, when nothing more than nominal damages are involved, but when a considerable amount of costs, or other legitimate expenses, depend upon nominal damages, which are wrongfully denied the party, it might become proper ground for reversing a judgment. But we are not convinced that each of the paragraphs in this complaint entitle the appellant to only nominal damages. Nominal damages are such as a party is entitled to, for a mere nominal breach of his rights, where no actual damages have been suffered,—*damnum absque injuria*—and may be a cent, five cents, or a dime, or such insignificant sum in relation to the case as would fall within the maxim, *de minimus non curat lex*. In this case, however, the appellant alleges that he paid the appellees three dollars and a half for inserting the advertisement; which was never inserted. We think he is entitled by the facts averred, to recover this amount, at least; and we can not hold that three dollars and a half, in reference to the present case, is no more than nominal damages, especially where a considerable amount of costs must depend upon them. And we think, if, in consequence of the facts averred, the complainant's house and fixtures therein and place of business became useless to him for a time, that it is a fair element for a jury to consider, in estimating the damages the appellant may have suffered; and perhaps there may be other proper grounds for damages, which we do not mention, but we are of opinion that the mere problematical, uncertain, contingent, vague and speculative profits, upon expected sales of liquor by retail, which may or may not be made, do not constitute a proper basis upon which to assess damages. It must not be considered, however, that we are laying down a fixed rule by which to measure the damages in this case, be-

cause facts unknown to us may exist, or unexpected and contingent facts, of which we know nothing, may arise in the case, and which ought probably to be considered in estimating damages; but we are confident that the facts alleged in each paragraph of the complaint entitle the appellant to something more than nominal damages.

We think this conclusion rests upon correct general principles of law, and is supported by the following authorities: *The Shelbyville, etc., R. R. Co.* v. *Lewark,* 4 Ind. 471; *Fultz* v. *Wycoff,* 25 Ind. 321; *The Western Gravel Road Co.* v. *Cox,* 39 Ind. 260; *The New Haven Steam Boat, etc., Co.* v. *Vanderbilt,* 16 Conn. 420; *Williamson* v. *Barrett,* 13 How. U. S. 101; *McAfee* v. *Crofford,* 13 How. U. S. 447; *Barrett* v. *Williamson,* 4 McLean, 589; *Jolly* v. *The Terre Haute Draw-Bridge Co.,* 6 McLean, 236; *White* v. *Moseley,* 8 Pick. 356; *The City of Cincinnati* .v. *Evans,* 5 Ohio State, 594; *Eisenlohr* v. *Swain,* 35 Pa. State, 107.

The judgment is reversed, with costs. Cause remanded, with instructions to overrule the demurrer to each paragraph of the complaint, and for further proceedings.