No. 8856.

THE NIAGARA FIRE INSURANCE COMPANY *v*. GREENE ET AL.

CONTRACT.—*Statute of Frauds.*—*Agent.*—An agreement, by which A., in consideration of $217 paid, agrees to make B. his agent and permit him to remain such for a reasonable time, is valid; it is not within the 5th clause of sec. 1 of the statute of frauds, R. S. 1881, sec. 4,904. The question of what is a reasonable time must be determined from the evidence, and if A. wrongfully revokes the agency before such time elapses, B. can maintain a suit for damages.

SAME.—*Pleading.*—In a suit upon such a contract by B., an averment in the complaint under a *videlicet*, that three years is a reasonable time, is immaterial.

SAME.—*Damages.*—In a suit by B. for breach of such a contract by wrongfully terminating the agency, the plaintiff is not confined to the recovery of merely nominal damages.

SAME.—*Evidence.*— *Witness.*—*Expert.*—*Opinion.*—On the trial of such a cause, it is competent to put in evidence the opinion of an insurance agent, expert in that business, as to what would be a reasonable time.

SAME.—*Evidence.*—Evidence that the plaintiff, at the same time, acted as agent for other insurance companies, is immaterial, unless there be also some evidence tending to show that the contract required the plaintiff to give his whole time to the business of the defendant.

From the Vanderburgh Superior Court.

*A. Gilchrist* and *C. H. Butterfield*, for appellant.
*C. Denby* and *D. B. Kumler*, for appellees.

The Niagara Fire Insurance Company v. Greene et al.

BICKNELL, C. C.—The appellees brought this action against the appellant to recover damages for breach of contract. The complaint avers that the appellant, in consideration that the appellees would take her agency at Evansville and pay the appellant $217, agreed to give them the agency and allow them to make and retain certain percentages on the amount of all policies issued or renewed by them, and to permit them to remain such agents for a reasonable period, that is to say, for the period of three years; that thereupon the appellees paid to appellant said $217 and agreed to act as such agents for said period of time; that in pursuance of said agreement the appellant, on the 22d of January, 1879, appointed the appellees her agents at Evansville, and the appellees accepted such agency and faithfully discharged the duties thereof until July 12th, 1879, when the appellant wrongfully revoked said appointment and appointed other agents, whereby appellees lost said $217, and also lost the percentage on renewal of policies, amounting to $270, and the percentage on new policies, amounting to $400, to their damage $887. Wherefore, etc.

A demurrer to this complaint was overruled; a motion to strike out that part of the complaint which claimed damages for percentages was also overruled; the appellant answered the complaint in three paragraphs, to wit:

1st. The general denial.

2d. That said appointment was for no definite time, that nothing was paid for it, that either party had a right to put an end to it, that the appellees did not properly manage the business of the agency, and for that reason were removed.

3d. A counter-claim for $50 money had and received by the appellees to the use of the appellant.

The appellees replied in two paragraphs, to wit:

1st. In denial. 2d. That the appellees did pay $217 for the appointment, which was understood and agreed to be

for a reasonable time, which was at least one year, and that the business of the agency was properly managed.

The issues were tried by a jury, who found for the appellees and assessed their damages at $140. The appellant moved for a new trial and filed eight reasons therefor. This motion was overruled, judgment was rendered on the verdict and this appeal was taken.

The errors assigned are :

1st. Overruling the demurrer to the complaint.

2d. Overruling the motion for a new trial.

As to the first error assigned, an agreement whereby A., in consideration of $217 paid by B., agrees to make B. his agent, is a valid agreement, and if the agreement be not only to appoint B. his agent, but to permit him to remain such agent for a reasonable time, then what is a reasonable time is to be determined by the evidence in relation to the nature of the business ; and in such a case, if the agency be wrongfully revoked by A., before the end of a reasonable time, B. will have a right of action for damages.

The statement in the present complaint is, that the appellant, in consideration of $217 paid, etc., made the appellees her agents at Evansville, and agreed to keep them as such agents for a reasonable time. The appellant claims that "the statement of the contract, and of the damages resulting from its breach, is too indefinite to be the basis of a recovery ;" but, if the agreement was to continue the agency for a reasonable time, it may be shown what was a reasonable time ; and if, by the revocation of the agency, the appellees lost their $217, and $270 on percentages for renewals of policies, and $400 on percentages on new policies—in all $887—that is definite enough. Mere remote, contingent, uncertain and speculative profits are not proper elements of damages ; but where a party, employed to do work, is prevented from doing it, and thereby deprived of the clear and certain and usual profit arising upon such work, that is a

The Niagara Fire Insurance Company *v.* Greene *et al.*

proper subject of damages. *The Philadelphia R. R. Co.* v. *Howard*, 13 How. 307. Where a contract is to be performed in a reasonable time, it is not within the 5th clause of section 1 of the statute of frauds. That clause embraces those contracts only which are not to be performed within a year from the making thereof. It does not include contracts which may or may not be performed within a year. For aught that appears upon the complaint in the present case, the reasonable time may have expired within the year. *Frost* v. *Tarr*, 53 Ind. 390. It is true that, after stating the contract for a reasonable time, the complaint adds, "that is to say, for the period of three years;" but this is merely the inference or conclusion of the pleader, that a reasonable time would be three years, and, being stated under a *videlicet*, it is immaterial.

There was no error in overruling the demurrer to the complaint.

The first cause alleged for a new trial is, that the verdict is not sustained by sufficient evidence. There was evidence tending to show that the appellees paid money for their appointment, and were appointed to hold for a reasonable time, and were wrongfully removed at the end of six months, and that six months was not a reasonable time. Several witnesses testified, that one year would be a reasonable time to hold such an agency, when no time was fixed. After the appointment, the appellees received from the appellant at different times, sundry books, blanks, documents and other property, and gave receipts for them, "to be duly accounted for and delivered up to or upon the order of the said company when demanded." The appellant claims that these receipts show conclusively what the contract was, to wit, that it was to be terminated at the pleasure of the company, and that no parol evidence will avail against such receipts. But these receipts were only evidence tending to show what the contract was. They were not conclusive, and

have no necessary reference to the termination of the agency. There was evidence tending to sustain the verdict, and therefore, the first cause alleged for a new trial is not sufficient.

The second cause for a new trial is error of the court in giving instructions to the jury, numbered 1, 2 and 3. This is not discussed in appellant's brief, and is therefore waived.

The third cause for a new trial is excessive damages. It presents the question, whether the appellees are entitled to more than nominal damages. The appellant claims that "the whole verdict is necessarily made up of profits or gains, which the appellees might have received, and is therefore erroneous." But the truth is, probable profits which might have been received, not remote or merely speculative, have often been allowed in proof, not as the measure of damages, but to aid the jury in estimating the damages. *Fultz* v. *Wycoff*, 25 Ind. 321; *Frenzel* v. *Miller*, 37 Ind. 1; *Ingram* v. *Lawson*, 6 Bing. N. C. 212; *Glass* v. *Garber*, 55 Ind. 336. See, also, *Fox* v. *Harding*, 7 Cush. 516; *Elizabethtown, etc., R. R. Co.* v. *Pottinger*, 10 Bush (Ky.) 185; *The City of Logansport* v. *Justice*, 74 Ind. 378.

In the case at bar, the appellees, having paid money for an agency to be held a reasonable time, and having been wrongfully ousted before their time, were entitled, as a part of their damages, to a proper proportion of the money so paid. They were, therefore, entitled to more than nominal damages.

The fourth, fifth and seventh reasons for a new trial allege error in permitting certain witnesses to state what would be a reasonable time. J. Erving Riddle had already stated what the agreement was between the appellees and himself as the agent of the appellant, the question was then put to him: "What would be a reasonable time for an agent to hold an agency under the understanding you stated?" His answer was: "Well I should state about a year." Wm. P. Greene, Charles Hincks and Mr. Lowenstein were also

The Niagara Fire Insurance Company *v.* Greene *et al.*

permitted to answer the question, "What would be a reasonable time for an agent to hold an agency, for which he paid a consideration, when no time was fixed at the date of the appointment?"

The appellant claims that, when the facts are undisputed, the question of reasonable time is a question of law for the court, and that, therefore, these witnesses were really called upon to answer questions of law. But the questions had reference to the business of insurance ; these witnesses were insurance agents, experts in that business ; neither court nor jury could understand what was a reasonable time in such a case except upon proof made by competent persons. "Witnesses are not ordinarily allowed to give opinions as to conclusions dependent upon facts not necessarily involved in the controversy ; but an exception to that rule is recognized in the case of experts." *Spring Co.* v. *Edgar*, 99 U. S. 645. So, in *Ogden* v. *Parsons*, 23 Howard 167, the court said : "What was a 'full cargo' for this ship to carry with safety was not a fact which could be settled by any rule of law or of mathematical computation, and the court must necessarily rely upon the opinions of those who have experience skill, and judgment, in such matters." The objection made in the court below to the admission of the testimony under consideration was, that it is immaterial and irrelevant. There was no error in overruling that objection.

The sixth reason for a new trial is error in refusing to permit William P. Greene, one of the appellees, to answer the question, whether, during their agency for the appellant, the appellees had not acted as agents for other insurance companies. It did not appear that the appellees were to give their whole time to their agency for the appellants ; on the contrary, it appeared that the appellees were to succeed to several agencies formerly held by Fairchild. The question, therefore, was altogether immaterial, and there was no error in refusing to permit the witness to answer it.

The eighth reason for a new trial is not alluded to in the appellant's brief, and is therefore regarded as waived.

There is no available error in the record. The judgment of the court below ought to be affirmed.

PER CURIAM.—It is, therefore, ordered by the court, upon the foregoing opinion, that the judgment of the court below be, and it is hereby, in all things affirmed, at the costs of the appellant.