Filed June 18, 1896.

---

No. 1,742.

## CHEW *v.* LUCAS.

LANDLORD AND TENANT.—*Breach of Contract.—Measure of Damage.*—In an action by a lessee of farm land against his lessor, for a breach of contract thereof, evidence of the average yield of the various crops contemplated, the cost of their production and putting same on the market, together with the market value of such crops, when harvested, is competent to show the measure of damages of such breach of contract, where the rent is to be paid by a share of the crop.

From the Marion Superior Court.

*J. P. Baker*, for appellant.

*S. Ashby*, for appellee.

GAVIN, C. J.—Appellee claimed to have rented certain lands from appellant, and that, in pursuance of his contract, he sowed eight acres of rye in the fall of 1892, but in the spring of 1893, appellant refused to permit him to enter upon the land, and rented it to some one else. The rental was upon the shares.

Appellee testifies that, by the terms of his contract, he was to take possession in March, any time up to April 1. The jury having found in his favor, we are not permitted to disturb the finding upon this question.

The crops to be put into the various fields were

agreed upon between the parties. The case was tried in March, 1894.

Complaint is made of the action of the court, in receiving from witnesses familiar with the land, evidence of its average yield of the various crops contemplated, and the cost of their production and putting on the market, together with the value of such crops in the year 1893.

Appellant's learned counsel insists that such evidence had no tendency to prove the damages sustained by appellee; that it was purely speculative in its character and furnished no basis of recovery. He insists that the proper measure of damages was the market value of the lease, that which it would sell for, and relies upon *Cilley* v. *Hawkins*, 48 Ill. 308, and *Green* v. *Williams*, 45 Ill. 206, and the general rule that where the lessor refuses to deliver possession to the lessee, his measure of damages is the difference between the rental price and the actual value of the land for the term. 3 Suth. Dam., section 864, pp. 1974, and 1975; 3 Sedg. Dam., section 1022; 1 Wood Landl. and Ten., section 362.

To this difference between contract price and actual value, many cases add, any special damages suffered by the lessee.

While the general rule is properly applied in many instances, and is sustained by numerous authorities, we cannot, with reference to the breach of a contract, such as here under consideration, assent to the application made by appellant's counsel.

By the decision of our Supreme Court, in *City of Terre Haute* v. *Hudnut*, 112 Ind. 542, in an exhaustive opinion by Judge Elliott, it was determined that "The rule is elementary, lying, indeed, at the very foundation of the law of damages, that the plaintiff who has suffered a loss shall recover, at the very least, such a

sum as will compensate for the loss actually sustained."

There it was permitted to prove the average profits earned by a mill, for the stopping of which damages were claimed. From this case, and the authorities cited therein, it is clear that damages are not necessarily remote and purely speculative, because, to some extent, uncertain and difficult of exact measurement.

It seems to be generally conceded, by the authorities, that the lessee, under such circumstances, is entitled to the benefit of his bargain, or, as stated in *Lock* v. *Furze*, L. R. 1 C. P. 441, "full compensation for that which he has lost." As we have said, this is, in many instances, determined by ascertaining the difference between the agreed rental and the real value, and this may oftentimes properly be made manifest by esti-·mates of the general market rental-value of the land for the term. Where, however, the land is to be farmed upon the shares, the rent to be paid being a part of the crop, it is evident that mere estimates as to value of the lease, if proper at all, cannot be the sole mode of proving the damage.

In *Jewett* v. *Brooks*, 134 Mass. 505, the plaintiff sought to recover for one year of a term, which he was not permitted to enjoy. The court says of the damages: "They were measured by the value of the contract of which plaintiff was deprived, and did not consist of a series of items, although, for the purpose of estimating the value, the items on each side of the account, during the year, as well after as before the breach, were properly admissible."

In *Taylor* v. *Cooper* (Mich.), 62 N. W. Rep. 157, where the tenant was also deprived of part of a five-year term, held at a cash rent, the court declared inadmissible, evidence of the probable future value of crops, and witnesses' estimates of the probable profits

for a year, commencing April 1, when the trial was had in May following, the trial thus being before the prices of the articles to be raised could be known, but the court said: "The measure of his damages was the fair average value of the use of the land, less the rent. To ascertain this, it was competent to show what he had realized from the land, for the three years during which he had occupied it, deducting therefrom the expense and labor bestowed upon it, and the rent."

In *Williams* v. *Oliphant*, 3 Ind. 271, the Supreme Court held incorrect an instruction, stating that "if the rent to be paid by the plaintiff was the highest rent in the neighborhood, and no higher or more rent could be had for the premises by the plaintiff, the latter is only entitled to nominal damages," and approved the following: "Remote or special damages, such as expenses to removing to a more remote farm, are not to be allowed; but for all such as legitimately and directly arise from the breach, you are to give the plaintiff the equivalent of performance in money. If the defendant is delinquent, or in fault by breaking his contract, he is bound to repair the loss of the plaintiff thereby. And in the same case the court said: "The rule as to the measure of damages, in the case of a breach of contract for the sale of goods, when the purchaser can always, or generally, purchase others without inconvenience, is not applicable to the breach of such a contract as that now in question."

In *Kenny* v. *Collier*, 79 Ga. 743, it is stated, after announcing the general rule as in *Green* v. *Williams*, *supra*, "There is a different rule applicable where the renting is on the shares."

The action of the trial court is directly sustained by *Hoy* v. *Gronoble*, 10 Pa. St. 9, and *Wolf* v. *Studabaker*, 65 Pa. St. 459.

In this decision, we go no further than is requisite

for the purposes of this case, where the contract was for the rent of a farm for grain rent, and not for cash.

So far as the field corn and potatoes were concerned, we are of opinion that it was, under the proof made, within the province of the jury to determine that there was, as to them, no loss to appellee.

This is the only respect in which appellant's counsel has called our attention to any failure of appellee to bring himself within the rule laid down in *McAninch* v. *Hamilton*, 1 Ind. App. 429.

Under established rules, we are not authorized to say that the verdict is not sustained by sufficient evidence, or is too large in amount.

Judgment affirmed.

Filed March 13, 1896.