## Aufderheide *v.* Fulk.

[No. 8,974.   Filed April 25, 1916.   Rehearing denied June 29, 1916.   Transfer denied March 16, 1917.]

1. Trover and Conversion.—*Measure of Damages.—Loss of Household Goods and Clothing.*—While the general measure of damages for the conversion of personal property is the market value at the time and place of conversion with interest from the date of conversion, yet in case of the conversion of articles in actual use in furnishing a home and of wearing apparel in use the measure of damages is the value to the owner under all circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value he may place upon it.   p. 153.

2. Damages.—*General and Special.*—General damages are such as naturally and proximately result from the wrong complained of, which the law implies or presumes to result from such wrong, while special damages are such as actually result from the wrong done, but which do not necessarily result therefrom, are not implied by law, and to be recovered must be specially alleged and proven.   p. 156.

3. Trover and Conversion.—*Conversion of Personalty.—Action. —Complaint.—Damages Provable.*—Where, in an action for trespass and conversion of goods, the complaint showed that defendant unlawfully broke into plaintiff's home and removed her property to her damage, under such averments plaintiff was entitled to prove the value of the property situated in her house as it was when taken by defendant, such evidence of the value to plaintiff being proof of the damages which naturally and proximately resulted from defendant's unlawful act and was

proper under the general allegations of damage contained in the complaint. p. 157.

4. TROVER AND CONVERSION.—*Conversion of Personalty.—Action.—Damages.—Verdict.—Answers to Interrogatories.*—Where, in a suit for damages for trespass and conversion of goods, a general verdict was returned for plaintiff for $2,000 under a complaint alleging that defendant unlawfully removed certain household furnishings from plaintiff's home and converted them to his own use, answers to special interrogatories showing that the second-hand market value of the goods at the time of the conversion was $136 were not inconsistent with the general verdict and a motion for judgment on the interrogatories was properly overruled, since the proof and finding of the second-hand value of the property did not preclude plaintiff's recovery of the value to her of the property in the home and the actual loss sustained by the wrongful taking of the goods therefrom, the market value proven being merely an element which might be considered in assessing the damages. p. 157.

5. APPEAL—*Review.—Refusal of Instructions.*—It is not error to refuse tendered instructions when they are covered, in so far as they state the law applicable to the case, by others given by the court. p. 158.

6. TRIAL.—*Weight of Evidence.—Credibility of Witnesses.—Jury Questions.*—The weight of testimony and the credibility of witnesses are for the jury. p. 158.

From Marion Superior Court (91,382) ; *Clarence E. Weir,* Judge.

Action by Emma B. Fulk against John H. Aufderheide. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Philip Wilkinson, Elias D. Salsbury* and *James W. Noel,* for appellant.

*G. R. Estabrook* and *C. W. Appleman,* for appellee.

FELT, P. J.—This is an action for damages for trespass and conversion of goods, and for breaking up appellee's home and subjecting her to shame and humiliation. The complaint is in four paragraphs. The gist of the first paragraph is that appellee was the absolute owner of certain personal property consisting of household furniture, pictures, ornaments, and wearing apparel, situate in her home in the city of Indianapolis, In-

diana; that appellant was engaged in the chattel loan business, and on December 17, 1910, loaned to W. T. Fulk a sum of money and took from him a mortgage upon appellee's said property, without her knowledge or consent; that W. T. Fulk was then the husband of appellee, but they were not living as husband and wife; that on or about January 1, 1912, when appellee was absent from her home, appellant, in the day time, in the presence, sight and hearing of appellee's neighbors, wrongfully and unlawfully, with force and violence broke into appellee's house, and wrongfully and unlawfully took and carried away all of appellee's household goods, chattels, personal property, wearing apparel, pictures and private papers, which property is particularly described; that appellant thereby subjected appellee to shame, humiliation, worry, nervous prostration, and serious sickness, which confined her to her bed for three months and deprived her of the use and enjoyment of her home and of said personal property. That by and on account of said wrongful and unlawful actions of appellant, appellee was injured and damaged in the sum of $25,000, for which she demands judgment. The second paragraph is for the wrongful and unlawful taking of the property from appellee's home and converting it to appellant's use. The property is alleged to have been of the value of $1,500 at the time and place of conversion and damages are asked in the sum of $25,000. The third and fourth paragraphs are similar to the second, but it is averred that the property was destroyed or otherwise disposed of by appellant.

The complaint was answered by general denial and by special answers which sought to justify the taking on the ground of estoppel and ratification, and by an offer to return the property to appellee. During the pendency of the suit appellee obtained an order of court to carry on the litigation in the name of Emma B.

Dehne.    The case was tried by a jury and a general verdict of $2,000 was returned and with it answers to interrogatories.

Appellant has assigned as error the overruling of his motion for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict: the overruling of his motion for a new trial; the overruling of his motion to docket different paragraphs of the complaint as separate actions and to require appellee to elect upon which cause of action she would go to trial.

The substance of the answers to the interrogatories is as follows: Appellee was and is the owner of all the property described in her complaint and entitled to the possession thereof; that her house was broken open by the State Loan Company, under which name appellant did business, and the property was removed from appellee's home by employes of appellant acting under his direction, on December 23, and December 26, 1911; that at that time there was an open market in Indianapolis for goods and property of the same kind and quality as the property in controversy; that the value of said goods in the market at that time was $136; that on April 29, 1913, appellee, before bringing this suit demanded of appellant the return of all the property he had taken from her home; that the goods and property set out in appellant's third paragraph of answer included articles that had not been covered by the aforesaid mortgage and also articles mortgaged by appellee's former husband, and said property at the last of April or first of May, 1913, was not in the same condition that it was when taken from appellee's home by appellant, but they were then worth on the market in Indianapolis $136; that appellant at the beginning of this trial offered to return the property to appellee.

Appellant claims that the answer to the interrogato-

ries, which show that there was a market in Indianapolis for property of the kind involved in this contro-

1. versy, and that on such market for second-hand goods the property was worth $136, are inconsistent with and overcome the general verdict; that appellant's motion to render judgment on the answers for $136 and interest from the date the property was taken should have been sustained; that the measure of damages for the conversion of personal property is the market value at the time and place of conversion, with interest thereon from the date of conversion.

It is true that the measure of damages in cases of conversion is as stated in many instances, but such rule, while generally recognized, is not applicable to all kinds of property under all conditions and is subject to some exceptions. The underlying principle of universal application is that of fair and just compensation for the loss or damage sustained. 1 Sutherland, Damages (4th ed.) §12; 4 Sutherland, Damages (4th ed.) §1109; *Barker* v. *Lewis Storage, etc., Co.* (1905), 78 Conn. 198, 200, 61 Atl. 363, 3 Ann. Cas. 889.

Articles in actual use in furnishing and equipping a home and wearing apparel in use, even though they may have some second-hand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as second-hand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of conversion is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or

fanciful value that he may for any reason place upon it. *Loesch* v. *Koehler* (1896), 144 Ind. 278, 286, 41 N. E. 326, 43 N. E. 129, 35 L. R. A. 682; *Lovell* v. *Shea* (1892), 18 N. Y. Supp. 193, 195, and cases cited; *Barker* v. *Lewis Storage, etc., Co., supra; Mathews* v. *Livingston* (1912), 86 Conn. 263, 270, 85 Atl. 529,. Ann. Cas. 1914 A 1915; *Martinez* v. *Vigil* (1914), 19 N. M. 306, 142 Pac. 920, L. R. A. 1915 B 291, 294; 8 Ř. C. L. §48, p. 487; *Sell* v. *Ward* (1898), 81 Ill. App. 675, 678; *Iler* v. *Baker* (1890), 82 Mich. 226, 232, 46 N. W. 377; *Barbrick* v. *White Sewing Machine Co.* (1914), 180 Mich. 535, 538, 147 N. W. 493; *Farrel* v. *Colwell* (1862), 30 N. J. Law 123, 127; *Green* v. *Boston, etc., R. Co.* (1880), 128 Mass. 221, 226, 35 Am. Rep. 370; *Stickney* v. *Allen* (1858), 10 Gray (Mass.) 352, 356; *Swank* v. *Elwert* (1910), 55 Ore. 487, 499, 105 Pac. 901; 1 Sedgwick, Damages (9th ed.) §252 *et seq*; 2 Sedgwick, Damages (9th ed.) §433 *et seq.*; 4 Sutherland, Damages (4th ed.) §1117; 38 Cyc 2093 and cases cited; *Head* v. *Becklenberg* (1904), 116 Ill. 576, 580.

The case of *Barker* v. *Lewis Storage, etc., Co., supra,* was a suit for damages for the conversion of household goods and personal effects. It was claimed that the measure of damages was their market value at the time and place of conversion with interest; that there was a second-hand market value for such articles and the court was asked to instruct the jury accordingly. In passing on the question it is said: "The court was correct in refusing to instruct the jury as requested, and in excluding said testimony. The cardinal rule is that a person injured shall receive fair compensation for his loss or injury and no more. *Baldwin* v. *Porter,* 12 Conn. 473. Commonly in cases of conversion the loss is the value of the property. *Baldwin* v. *Porter, supra.* Commonly the value of the property as repre-

senting the owner's loss is its market value, if it have one, since thereby is indicated the cost of replacing. Hence the subordinate rule of general application appealed to by the defendant. But the principal rule, which seeks to give fair compensation for the loss, is the paramount one, and ordinarily when the subordinate one fails to accomplish the desired result it yields to an exception or modification. 1 Suth. Dam. (3d ed.), §12. It is now generally recognized that wearing apparel in use, and household goods and effects owned and kept for personal use, are articles which cannot in any fair sense be said to be marketable, and have a market value, or at least a market value which is fairly indicative of their real value to their owner and of his loss by being deprived of them. So it has been frequently, and we think correctly, held that the amount of his recovery in the event of conversion ought not to be restricted to the price which could be realized by a sale in the market, but he should be allowed to recover the value to him based on his actual money loss, all the circumstances and conditions considered, resulting from his being deprived of the property, not including, however, any sentimental or fanciful value he may for any reason place upon it." In *Lovell* v. *Shea, supra,* the court said: "It is manifest that the value placed on the plates by this witness was the actual value to the owner. * * * They had a special value to the plaintiffs in the business in which they were engaged. The witness had shown himself competent to testify as to their special value, and, in our opinion, it was the correct measure of damages. 'If the property have little or no marketable value, the actual value to the owner is the just rule. The jury may consider the cost of replacing the property.' * * * Such property (stereotype plates), in market, would be worth comparatively nothing, but to the owner it might be of great value; and that would be

a very inequitable and harsh rule that limited his recovery against a person converting it to its market value, which would really be but little, if anything, more than the value of the material. In such cases it is held that the measure of the recovery is the fair value of such property to the plaintiff."

In *Mathews* v. *Livingston, supra*, the court considered a case of damages for the wrongful eviction of a tenant from a house, and instructed the jury that if the tenant was unlawfully evicted she might recover " 'all the damages which she suffered directly on account of the defendants, or either of them, wrongfully taking possession of her premises; and it would include the mental suffering, the exposure, the time which she had lost, and the expense she was put to in endeavoring to recover possession; and also, if in connection with this unlawful eviction she lost her property, she can recover her property also.' " In passing on the instruction the court said: "The elements specified which are complained of were subjects of damage which might properly have followed as a consequence of an eviction and conversion, and as these are alleged, they were proper subjects of recovery so far as proved."

Appellant also contends that if the rule for the measure of damages in this case be as above announced, such damages are in the nature of special damages and the pleadings in this case are insufficient to admit the proof or warrant a recovery of such damages.

General damages are such as naturally and proximately result from the wrong complained of, which the law implies or presumes to result from such 2. wrong. Special damages are such as actually result from the wrong done but which do not necessarily result therefrom, and for that reason are not implied by law, and to be recovered must be specially alleged and proven. 13 Cyc 13, 176; *Lindley* v. *Dempsey*

(1873), 45 Ind. 246, 249; *Muncie Pulp Co.* v. *Keesling* (1905), 166 Ind. 479, 486, 488, 76 N. E. 1002, 9 Ann. Cas. 530; *Cleveland, etc., R. Co.* v. *Case* (1910), 174 Ind. 369, 377, 91 N. E. 238.

The complaint in the case at bar shows that appellant unlawfully broke into appellee's home and removed her property therefrom to her damage. Under such averments she was entitled to prove the value to her of the property situated in her house as it was when taken by appellant. She is not seeking to recover special and peculiar damages for heirlooms or the like, but the loss sustained by her by the wrongful taking of her property from her home. Proof of the value of the property to her in the home at the time it was unlawfully taken therefrom was proof of the damages which naturally and proximately resulted from such unlawful act and was proper under the general allegations of damages contained in the complaint. *Ohio, etc., R. Co.* v. *Selby* (1874), 47 Ind. 471, 497, 17 Am. Rep. 719; *Loesch* v. *Koehler, supra,* 285; *Union Traction Co.* v. *Sullivan* (1906), 38 Ind. App. 513, 528, 76 N. E. 116.

There was no evidence tending to show a market value for such goods situate and used in a home as appellee's goods were when taken, while there was evidence to show, and the jury found, the second-hand value of the property in controversy, on the general market for such property in Indianapolis; yet such proof and finding do not preclude appellee's recovery of the value to her of the property in her home at the time and the actual loss sustained by her by the wrongful taking of such property from her home. The market value was an element which might be considered in assessing her damages but to hold that it was the absolute limit of her recovery would be to depart from the rule of fair and just compensation for the actual loss or damage occasioned by the wrongful and unlaw-

ful taking and conversion of the property. *Lovell* v. *Shea, supra; Loesch* v. *Koehler, supra,* 286; 38 Cyc 2092 *et seq; Ellis* v. *Wire* (1870), 33 Ind. 127, 128, 5 Am. Rep. 189; 1 Sedgwick, Damages (9th ed.) §252 *et seq;* 2 Sedgwick, Damages (9th ed.) §433.

We therefore hold that the court did not err in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict. It likewise follows that the court did not err in overruling appellant's motion to modify the judgment by striking out the amount of the general verdict and inserting in lieu thereof the amount the jury found to be second-hand market value of the property with interest added.

Appellant also complains of certain instructions given by the court and of its refusal to give certain instructions tendered by him. The vital points raised

5. on the instructions have been disposed of by our discussion of the measures of appellee's damages. The instructions given, when read in their entirety, are as favorable to appellant as the law warrants. Those refused, in so far as they state the law applicable to the case, are covered by others given by the court.

The averments of the first paragraph of complaint are sufficient to warrant the recovery of some elements of damage other than the value of the property al-

6. leged to have been taken and converted. But we are not driven to the necessity of basing our conclusions on the elements of damages provable under that paragraph, for there is evidence in the record which shows the property taken from appellee's home to have been worth to her in her home at the time it was taken the full amount of the verdict. The weight of this testimony and the credibility of the witnesses were for the jury. While the amount does seem large as compared with the second-hand market value, in view of the tes-

timony of several apparently disinterested witnesses, we are not warranted in setting aside the verdict as excessive. The judgment is sustained by sufficient evidence and is not contrary to law.

We have considered the assignments of error not waived by failing to present them in the briefs. We find no reversible error. Judgment affirmed.

NOTE.—Reported in 112 N. E. 399. General rule as to measure of damages in trover and conversion, 3 Ann. Cas. 891; Ann. Cas. 1917 B 585; 38 Cyc 2093. Value of use of property as element or measure of damages in action for conversion of personal property, L. R. A. 1915 B 291. See under (1, 2) 38 Cyc 2092, 2093; (2) 13 Cyc 13, 176.