ANCHOR STOVE & FURNITURE COMPANY *v.* BLACKWOOD.

[No. 16,665. Filed June 30, 1941.]

*Jeffries, Jeffries & Johnson,* of Terre Haute, and *R. V. Tozer,* of Brazil, for appellant.

*Norval K. Harris,* of Sullivan, for appellee.

BEDWELL, J.—Appellant filed this action in replevin to recover the possession of certain household goods which it alleged it sold to appellee under conditional sale contracts. Appellee filed an answer in general denial and an affirmative paragraph of answer alleging a waiver of certain terms of one of the conditional sale contracts relied on. A writ of replevin was issued upon the filing of appellant's complaint and possession of the household goods was taken by the sheriff, who delivered the same to appellant.

There was a trial by jury which returned a verdict finding for the defendant that he was entitled to the possession of the property described in the complaint;

that the property was of the value of two hundred forty dollars ($240), and that the defendant was entitled to recover damages in the sum of one hundred eighty dollars ($180).

Appellant filed a motion for a new trial, specifying, among other grounds, that the damages assessed by the jury were excessive; and, during the pendency of such motion, the appellee filed a remittitur by which he remitted the sum of one hundred thirty dollars ($130) of the damages of one hundred eighty dollars ($180) specified in the verdict. The court then overruled appellant's motion for a new trial and rendered judgment ordering a return to appellee of the personal property described in appellant's complaint or, upon failure of appellant to return the same, that the appellee recover of appellant the sum of two hundred forty dollars ($240), found by the jury to be the value thereof, and that the appellee should also recover of the appellant damages for the taking and withholding of such property in the sum of fifty dollars ($50).

Appellant appeals and assigns as error the overruling of its motion for a new trial. The reasons specified in such motion, upon which appellant is relying for reversal, are as follows:

1. The damages assessed by the jury are excessive.

Under this ground, appellant claims that there was no evidence in the record from which the jury or the court could assess damages in the amount of fifty dollars ($50), after a remittitur was filed by appellee.

2. Error in the assessment of the amount of recovery in this, the amount is too large.

Under this ground, appellant claims that the evidence was insufficient to support a finding that the property was worth two hundred forty dollars ($240).

3. The verdict of the jury is not sustained by suf-ficient evidence.

4. The verdict of the jury is contrary to law.

Under grounds three and four, appellant claims that the undisputed evidence showed that appellee executed a written conditional sale contract which provided for monthly payments of twenty dollars ($20) per month and that appellee had not made payments in such amount.

5. That the court erred in admitting in evidence the answer of appellee to the following questions which were asked him by his counsel:

Q. "Did you have a conversation with him at the time you bought this furniture?"

A. "Yes, sir."

Q. "Tell the jury what it was?"

In the answer, appellee recites a conversation with Mr. Jacobs, credit manager of appellant, concerning the purchase of a portion of the household furniture.

The right of appellant to recover the possession of the household furniture described in its complaint was dependent upon the terms and provisions of the alleged conditional sale contracts under which the same was sold. An examination of the bill of exceptions containing the evidence does not show that these conditional sale contracts were ever offered or introduced into evidence. It is true that appellant, at the trial, identified Exhibits A, B, C, and D, and showed that the same were signed by appellee or his wife. Appellant has prepared and has inserted in the bill of exceptions what purports to be copies of these particular exhibits; but the bill of exceptions as prepared by the official reporter of the Clay Circuit Court, and which is certified as being a full, true, and complete transcript in longhand of her shorthand notes, including all evidence oral and documentary given, all objections to evidence, all rul-

ings of the court in admitting or excluding evidence, and all exceptions taken by the parties thereto, does not contain any statement showing that any of such exhibits were offered into evidence or were introduced into evidence.

The certificate of the judge attached to the bill of exceptions containing the evidence shows that the appellant presented to the judge, "its bill of exceptions containing the evidence given in this cause and the original exhibits A, B, C and D, and 1, 2, 3 and 4, for settlement and his signature." The original Exhibits A, B, C, and D are attached to the bill of exceptions after the final statement contained therein, namely: "This was all the evidence given in said cause," but before the certificate of the judge that is attached thereto.

We hold that the conditional sale contracts identified as Exhibits A, B, C, and D do not appear from the bill of exceptions to have been introduced as evidence; and the same cannot be considered by this court on appeal as evidence that was introduced in the cause. We have no way of knowing whether the same were read to the jury or whether the jury was in anyway advised of the contents thereof. If the same were not read or introduced into evidence, the jury would be required to make a general finding in favor of the appellee. Because of the state of the record, we cannot consider grounds three, four, or five specified in appellant's motion for a new trial.

An examination of the evidence contained in the bill of exceptions shows that there was sufficient evidence to justify the determination of the jury that the personal property described in appellant's complaint was of the value of two hundred forty dollars ($240). The evidence showed that the cost of such property was four hundred twenty dollars and

seventy-seven cents ($420.77) ; that the same had been purchased on June 25, 1937, June 28, 1937, October 19, 1937 and February 28, 1938; and that the sum of two hundred forty dollars ($240) had been paid on such purchase price. The credit manager of appellant testified that this property had been in storage in a warehouse of appellant since January 28, 1939, and that its fair market value at the time of trial was about two hundred dollars ($200) or slightly over.

Fair market value is not a proper standard for the measurement of the value of used wearing apparel or household goods. It is generally held that the amount of recovery for the loss, or conversion of, or injury to wearing apparel or household goods is not limited to the price which could be realized by a sale in the market, but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place upon them. 15 Am. Jur., Damages, § 126, p. 536, and cases cited.

In determining the value of used wearing apparel or household goods, it is proper to consider any fact which goes to show the real value, such as the cost, and condition and age, and any damage that has resulted to them through use, decay, or otherwise. The value should not be fixed on the basis of any purely sentimental value of the owner or any fanciful price which the owner for special reasons might place thereon.

In the case of *Aufderheide* v. *Fulk* (1917), 64 Ind. App. 149, 153, 112 N. E. 399, which was an action for damages for trespass and conversion of goods, this court says:

"Articles in actual use in furnishing and equipping a home and wearing apparel in use, even though they may have some second-hand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as second-hand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of conversion is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value that he may for any reason place upon it."

The evidence was sufficient to justify the jury in determining that the value of the household goods described in plaintiff's complaint was two hundred forty dollars ($240).

As first ground in its motion for a new trial, the appellant has assigned, "The damages assessed by the jury are excessive." Under this assignment, it contends that the damages for detention in the amount of fifty dollars ($50) are excessive. To raise any question concerning the amount of damages for detention of property, the fifth ground in the statute (§ 2-2401, Burns' 1933) should be assigned. This is as follows:

"Error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury *or detention* of property." (Our italics.)

*Chicago, etc., R. Co.* v. *Barger* (1924), 82 Ind. App. 266, 144 N. E. 646; *Brown* v. *Guyer* (1917), 64 Ind. App. 356, 115 N. E. 947.

Appellant has assigned the fifth ground in its motion for a new trial, but in its brief it makes no claim thereunder that there was any error in the assessment ■ of the amount of recovery, or whether the amount was too large or too small for detention of the property described in its complaint.

An appellate court will not consider questions relating to the amount of recovery or the extent of relief granted which have not first been properly raised ■ by a motion for a new trial and presented under proper assignment in appellant's brief. 4 C. J. S., Appeal & Error, § 312, p. 638, and cases cited; *Stone* v. *Travelers Ins. Co.* (1926), 84 Ind. App. 243, 149 N. E. 454.

The jury found that the taking of appellee's property was wrongful, and the law will infer some damage from an invasion of the rights of appellee. The ■ evidence showed that appellee's household goods were seized by the sheriff and he was required to leave his home.

The judgment is affirmed.

NOTE.—Reported in 35 N. E. (2d) 117.