**Charlet CANNON, Appellant (Plaintiff Below),**

v.

**NORTHSIDE TRANSFER COMPANY, INC., Appellee (Defendant Below).**

No. 2–1079A323.

Court of Appeals of Indiana, Second District.

Nov. 3, 1981.

---

Bruce Alan Hugon, Legal Services Organization, Indianapolis, for appellant.

Michael B. Reddington, Indianapolis, for appellee.

SULLIVAN, Judge.

Appellant-Plaintiff Charlet Cannon (Mrs. Cannon) presents one issue for review:

Whether the trial court erred by awarding her only one dollar in nominal damages in a wrongful detention action against Appellee, defendant below.

We reverse and remand.

Mrs. Cannon's landlord brought an action in the Washington Township Small Claims Court against her for overdue rent and eviction. The landlord obtained a Writ of Restitution and the constable and Appellee, Northside Transfer Company, Inc. (Northside) arrived at Mrs. Cannon's apartment to evict her and remove her furniture. Mrs. Cannon asked permission to move her own furniture, but her request was refused. The next day Mrs. Cannon tendered payment to Northside for the moving costs and accrued storage cost. Northside would neither accept the money nor return her furniture.

For eleven months Mrs. Cannon and her four children lived with no furnishings. They were forced to 1) eat standing up or sitting on steps, 2) sleep on the floor, 3) go to the laundromat, because Northside was withholding her washer and dryer, and 4) suffer from the heat during the summer, because Northside was withholding her air conditioner. Mrs. Cannon finally brought a wrongful detention action against North-

side during which she received her furniture pursuant to a Pre-Judgment Order for Possession. The trial court rendered judgment for Mrs. Cannon, but awarded her only one dollar in nominal damages.

Prior to addressing the merits, we direct our attention to Northside's Motion to Dismiss, included in its appellate brief, which alleges:

I. That Mrs. Cannon has presented no authenticated record from the trial court upon which to base her appeal;

II. That Mrs. Cannon did not meet the jurisdictional requirements of timely brief filing and presenting the record;

III. That Mrs. Cannon's statements of the issue, case, and facts in her appellate brief are neither accurate nor adequate to meet the requirements for these portions of an appellant's brief;

IV. That I.C. 34–1–47–1 (Burns Code Ed. 1973):

a. precludes Mrs. Cannon from appealing from an action originating in Small Claims Court, and

b. precludes Mrs. Cannon, prevailing below, from appealing from a judgment whose benefits she has accepted.

## I.

■ Northside argues that there is no showing that the record itself was provably filed in the trial court: 1) the record and the transcript of the evidence do not show the Clerk's file marks, 2) there is no order book entry certifying the filing with the Clerk, and 3) the Clerk's certificate does not show the filing was done on any particular date.

Mrs. Cannon has presented us with a record containing a transcript of the evidence properly certified by both the court reporter and the trial judge. The entire record of proceedings concludes with the Clerk's certificate, certifying all papers and entries in the cause and stating that the "original Bill of Exceptions (sic) [transcript of the evidence] is incorporated." We are satisfied that the record was authentically filed.

## II.

■ Northside argues that Mrs. Cannon had no excuse for failing to meet the jurisdictional filing requirements of timely brief filing and presenting the record. Ind. Rules of Procedure, Appellate Rules 3(B) and 8.1(A). This Court in accordance with Ind. Rules of Procedure, Appellate Rule 14, had granted Mrs. Cannon extensions of time which she met. Northside should have raised any objections when the petitions for extension of time were filed.

## III.

Northside argues that Mrs. Cannon's statement of the issue, case and facts is inaccurate and inadequate. Northside was free to reformulate the issue and offer its own statements of the case and facts pursuant to Ind. Rules of Procedure, Appellate Rule 8.3(B).

## IV.

Northside's argument based on I.C. 34–1–47–1 is two-pronged:

### a.

■ First, Northside argues that I.C. 34–1–47–1 proscribes appeals from "actions originating before a justice of the peace" and that the Small Claims Court is successor to justice of the peace courts. Northside apparently considers that Mrs. Cannon's appeal is a continuation of an action originating in Small Claims Court. It is not. Her appeal is from an action for wrongful detention filed in Superior Court. Mrs. Cannon's wrongful detention action is a separate and distinct action from the one brought against her in Small Claims Court by her landlord for overdue rent and eviction. Northside's argument has no merit.

### b.

■ Secondly, relying upon the portion of I.C. 34–1–47–1 which provides: "The party obtaining a judgment shall not take an appeal after receiving any money paid or collected thereon," Northside argues that Mrs. Cannon cannot appeal from the judg-

ment, the benefits of which she has accepted. The trial court awarded her one dollar in nominal damages and she received her furniture on a Pre-Judgment Possession Order.

Nothing in the record indicates that Mrs. Cannon has accepted the one dollar. The Pre-Judgment Possession Order was an interlocutory order, not a final judgment, and thus the receipt of her furniture was not a benefit of a final judgment. Moreover, Mrs. Cannon had a duty to mitigate her damages by recovering her furniture. *City of East Chicago v. Pitzer* (1949) 227 Ind. 241, 84 N.E.2d 588; *Indiana Pipe Line Co. v. Christensen* (1924) 195 Ind. 106, 143 N.E. 596.

Northside's Motion to Dismiss is denied.

We now turn to the main issue:

Whether Mrs. Cannon is entitled to more than nominal damages for the wrongful detention of her furniture.

On appeal Northside argues that it had a lien against Mrs. Cannon's furniture. By its judgment for Mrs. Cannon the trial court necessarily determined that Northside wrongfully detained her property for at least a portion of the period between the refusal of her tendered payment and the return of her property pursuant to the pre-judgment order. By its judgment for Mrs. Cannon on Northside's Supplemental Cross Complaint the trial court necessarily determined that Northside did not have a valid lien upon the furniture.

The evidence fully supports a reasonable determination that even assuming rightful eviction of Cannon and consequent rightful possession of her goods by Northside pursuant to a warehouseman's lien, such lien was extinguished by refusal of Cannon's tendered payment. I.C. 26–1–7–209(4).

■ Mrs. Cannon contends that she is entitled to more than nominal damages for the loss of use of her furniture for the eleven months during which Northside wrongfully withheld her property, i. e., converted her property. The measure of damages allowable in conversion is generally the fair market value of the converted property at the time of the conversion. *Yoder Feed Service v. Allied Pullets, Inc.* (1977) 171 Ind.App. 692, 359 N.E.2d 602, 607; *Sikora v. Barney* (1965) 138 Ind.App. 686, 207 N.E.2d 846, 849. However, the fair market value is not a proper standard for the measurement of the value of used household goods. *Anchor Stove & Furniture Co. v. Blackwood* (1941) 109 Ind.App. 357, 35 N.E.2d 117.

In *Aufderheide v. Fulk* (1916) 64 Ind.App. 149, 153, 112 N.E. 399, 400, the court said:

"It is true that the measure of damages in cases of conversion is as stated in many instances, but such rule, while generally recognized, is not applicable to all kinds of property under all conditions and is subject to some exceptions. The underlying principle of universal application is that of fair and just compensation for the loss or damage sustained. 1 Sutherland, Damages (4th ed.) § 12; 4 Sutherland, Damages (4th ed.) § 1109; *Barker v. Lewis Storage, etc. Co.* (1905), 78 Conn. 198, 200, 61 Atl. 363, 3 Ann.Cas. 889.

*Articles in actual use in furnishing and equipping a home* and wearing apparel in use, even though they may have some second-hand market value, are not governed by the general rule of market value, for the law recognizes that they have a value when so used in the home that is not fairly estimated by their value as second-hand goods on the market. Where subordinate rules for the measure of damages run counter to the paramount rule of fair and just compensation, the former must yield to the principle underlying all such rules. For the loss of such property so situated and used, the measure of damages in case of conversion is the value to the owner under all the circumstances, based on actual damages sustained by being deprived of his property, not including any mere sentimental or fanciful value he may for any reason, place upon it." (emphasis supplied).

We recognize, as did the Court in *Anchor Stove & Furniture Co., supra,* the difficulty in ascertaining the amount of damages of this nature.

"It is generally held that the amount of recovery for the loss, or conversion of, or injury to, wearing apparel or *household goods* is not limited to the price which could be realized by a sale in the market, but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place upon them. 15 Am.Jur., Damages, § 126, on p. 536, and cases cited.

In determining the value of used wearing apparel or *household goods* it is proper to consider any fact which goes to show the real value, such as the cost, and condition and age, and any damage that has resulted to them through use, decay or otherwise. The value should not be fixed on the basis of any purely sentimental value of the owner or any fanciful price which the owner for special reasons might place thereon." (emphasis supplied). 35 N.E.2d at 119.

 We nevertheless hold that the trial court erred as a matter of law in assessing Cannon's damages at only $1.00.

As stated in *Chew v. Lucas* (1896) 15 Ind.App. 595, 596–597, 43 N.E. 235 quoting from *City of Terre Haute v. Hudnut* (1887) 112 Ind. 542, 557, 13 N.E. 686:

"The rule is elementary, lying, indeed, at the very foundation of the law of damages, that the plaintiff who has suffered a loss shall recover, at the very least, such a sum as will compensate him for the loss actually sustained."

See also *Lou Leventhal Auto Co., Inc. v. Munns* (1st Dist. 1975) 164 Ind.App. 368, 328 N.E.2d 734.

From the evidence of record, Mrs. Cannon's actual damages could have been determined through reasonable calculations. The record includes an inventory list of the furniture with estimated values and there was testimony about visits to the laundromat. *See Staub v. Kendrick* (1889) 121 Ind. 226, 23 N.E. 79. We do not know the exact dollar figure which will result from a rede-termination of Cannon's damages, but we do know that as a matter of law it is more than one dollar. *See Glass v. Garber* (1876) 55 Ind. 336; *Long v. Arthur Rubloff & Co.* (1975) 27 Ill.App.3d 1013, 327 N.E.2d 346.

If the trial court's award of one dollar was an attempt at equity, i. e., if the trial court felt that Mrs. Cannon's failure to pay Northside the *moving* costs offset the amount of damage caused to her by the wrongful detention, then the trial court was wrong in so doing, because Northside never claimed the money due for the moving costs.

We reverse and remand for a determination of actual damages.

BUCHANAN, C. J., and SHIELDS, J., concur.