## COLLINS *v.* AYERS.

TRESPASS.—*Trover.*—*Conversion of Joint Property.*—One who unlawfully takes possession of personal property belonging to joint owners, and converts to his own use, and sells, the interest of either owner, without his consent, is guilty of a tort, and is liable to such owner for the value of such interest.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*W. Irvin*, for appellee.

PERKINS, C. J.—The appellee sued the appellant upon the following complaint:

" The plaintiff, James Ayers, complains of the defendant, Arthur M. Collins, and says, that heretofore, to wit, on the — day of July, 1875, he, said plaintiff, was the owner of an undivided one-half interest in certain personal property, to wit, a portable steam engine, Mulay saw, and grain separator, one Jason Tomlinson then and there being the owner of the other undivided half, plaintiff then and there having the possession of said property, said undivided one-half interest in the same then and there being of the value of six hundred dollars. And plaintiff further says, that said defendant, on said — day of July, 1875, without the knowledge or consent of him, said plaintiff, wrongfully took possession of said property and converted plaintiff's interest in said property to his own use, and then and there sold to one John Jones the plaintiff's undivided one-half interest in said engine, saw and separator aforesaid, and then and there delivered said property to said Jones, said defendant then and there appropriating the proceeds of said sale to his own use, all to the plaintiff's damage in the sum of six hundred dollars; wherefore plaintiff demands judgment against the defendant for six hundred dollars, and for all proper relief in the premises."

A demurrer was overruled to this complaint, and exception entered.

Answer and reply.

Trial by jury; verdict for the plaintiff; motion for a new trial overruled, but, as neither the evidence nor instructions nor proceedings at the trial are in the record, no question arises under this ruling.

A motion in arrest was overruled, and judgment rendered on the verdict.

Appeal to, and assignment of alleged error in, this court.

Counsel for appellant open their argument, in their brief in this court, in these words:

" The only question presented by the record in this case is as to the sufficiency of the complaint." He comes to the conclusion " that it is clearly and unmistakably bad;" that it does not contain a cause of action.

The complaint shows, that the defendant sold an article of property not his own, delivered it to the purchaser, and appropriated the proceeds of the sale to his own use, without the knowledge or consent of the owner. Such sale was a tortious act. The defendant had no authority by law to sell the property. The sale was wrongful, was a conversion of the property, and this action for the conversion—trover at common law—well lies against the tortfeasor. *Mills* v. *Malott*, 43 Ind. 248.

Had the defendant been a partner, the sale might have been good, and the defendant liable only to account for the proceeds.

