No. 11,907.

### DEETER *v.* SELLERS ET AL.

PRACTICE.—*Special Finding.—Remedy where there is Failure to Find all Facts Established by Evidence.—Venire de Novo.—Motion for New Trial.—*Where the special finding fails to find all the facts established by the evidence, the remedy is by a motion for a new trial, and not by a motion for a *venire de novo.*

REPLEVIN.—*Demand.—Agent.—*Where there is a tortious taking of personal property, no demand is necessary, but, where a demand is necessary, it is sufficient to make it of the agent in possession of the property.

PARTNERSHIP.—*Chattel Mortgage Executed for Individual Debt of Partner.—*A partner has an interest only in the property of the partnership remaining after the payment of the partnership debts, and a chattel mortgage executed by one partner, for his individual debt, upon specific articles of property belonging to the partnership, conveys no lien as against the claims of creditors of the partnership.

.SAME.—A chattel mortgage, executed by one partner upon partnership property for his individual debt, can not operate to deprive the other partner of the right to hold the property for the payment of a sum due him for money advanced to the partnership.

PLEDGE.—*Right of Pledgee to Possession.—Chattel Mortgage.—*A pledgee of personal property has a right to hold possession of the property pledged to him, and he can not be rightfully deprived of possession under a chattel mortgage executed after the property was pledged to him.

From the Whitley Circuit Court.

*C. Clemans,* for appellant.

*L. H. Haymond, L. W. Royse, T. R. Marshall* and *W. F. Mc-Nagny,* for appellees.

ELLIOTT, J.—The complaint of the appellee alleges that he is the owner and entitled to the possession of personal property, which is specifically described, and that it is unlawfully detained by the defendants. A special finding of facts was made, and conclusions of law stated. From the finding we condense the material statements : The action was commenced July 5th, 1883. On the 29th day of the preceding May Samuel M. Deeter executed to his brother, the defendant George C. Deeter, a chattel mortgage on the property, to secure the payment of a promissory note of one hundred dollars ; the mortgage gave the mortgagor the right of possession, but provided that if he sold or encumbered, or offered to sell or encumber the property, the mortgagee might immediately take possession. The mortgage was duly recorded on the day it was executed ; at the time of the execution of the mortgage the property mortgaged was not the individual property of the mortgagor, but was owned by a partnership, composed of the plaintiff, Perry Sellers, and the mortgagor ; the plaintiff did not know of the execution of the mortgage, and has never consented to its execution ; the debt secured by it was the individual debt of the mortgagor, Samuel M. Deeter ; at the time of the execution of the mortgage the mortgagor was indebted to the plaintiff in a sum much greater than the value of the property on account of money advanced to the partnership ; at the time of the execution of the mortgage the plaintiff had possession of the property in pledge as security for the indebtedness of the mortgagor to him ; within a few days after the execution of the mortgage the partnership was dissolved and an accounting had, whereby it was agreed that the property should be owned and held by the plaintiff; it appeared from the accounting that Samuel M. Deeter was indebted to the plaintiff in the sum of $158.39, and that there was no partnership property out of which it could be made ; after the accounting, and while the property was in the possession of the plaintiff, the defendant George C. Deeter and one William Breezely secured possession of the property by ex-

hibiting the mortgage and representing that the former could obtain the property by legal proceedings; the defendant placed the property in possession of Breezely, from whom the plaintiff demanded it, but the demand was met by a refusal; two days after this demand the plaintiff filed his complaint, and at that time it was in the possession of George C. Deeter, who claimed it under the chattel mortgage.

The second conclusion of law is the only one that it is necessary to state; it is as follows: " The plaintiff is entitled to recover against the defendant George C. Deeter in this action the possession of said property described in the complaint, and to have a judgment against him for a return of said property."

A motion was made for a *venire de novo,* for the reason that the court did not, as the motion alleges, find the facts established by the evidence. This motion was properly overruled. Where the court does not find facts established by the evidence the appropriate motion is for a new trial.

The appellant's counsel argues that the evidence fails to prove that there was an unlawful detention of the property, but we think the position assumed is not maintainable. A demand of an agent is a demand of the principal, and under the circumstances of this case the demand of Breezely while in possession of the property was all that was necessary, even conceding that it was incumbent on the appellee to make a demand. There was, however, no necessity for a demand, for the appellant had converted the property, and had not only done this, but he had also wrongfully obtained possession of it. *Cox* v. *Albert,* 78 Ind. 241; Wells Replevin, sections 345, 348.

A pledgee has a right to the possession of the property pledged and may maintain replevin against one who wrongfully takes or unlawfully detains it, and under this rule the appellee's cause of action was fully made out without reference to the rights of Sellers as partner. Jones Pledges, section 429.

A partner has an interest only in the partnership property

remaining after the payment of the partnership debts; he has no several right in any specific property, but has a right in what remains after a settlement of the partnership affairs. A mortgage by one partner of partnership property for his individual debt conveys no title or lien as against the partnership or its creditors. Jones Chattel Mort., section 45; *State, ex rel.*, v. *Emmons*, 99 Ind. 452, auth. p. 456. A mortgage by a partner to secure his individual debt can not deprive his copartner of the right to the possession of the partnership property. The case of *Emmons* v. *Hawn*, 75 Ind. 356, cited by the appellant, has no bearing whatever upon the mortgage of partnership property for an individual debt of one of the partners.

The mortgage did not vest in Deeter a right to take possession of the partnership property; the partner in possession had a right to hold it until partnership debts were paid, and then the mortgagee might only fasten his mortgage upon what remained, and as nothing remained, in this instance, in the mortgagor, there was nothing upon which the mortgage could operate. A partner can not apply to individual debts the property of the partnership, and, therefore, the mortgage executed to appellant could not in any wise abridge the rights of the appellee. *Hagar* v. *Mounts*, 3 Blackf. 57; *Hickman* v. *Reineking*, 6 Blackf. 387; Jones Chattel Mort., section 45.

Judgment affirmed.

Filed June 25, 1885.