WHITTEN v. KEMP.

[No. 11,193. Filed February 16, 1922.]

1. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—*Scope of Review.* —The court on appeal will consider only the evidence most favorable to appellee in determining whether it sustains the judgment, which, if supported by any evidence, will be affirmed. p. 616.

2. REPLEVIN.—*Judgment.*—*Evidence.*—*Sufficiency.*—In an action to replevy an automobile, alleged to have been wrongfully obtained by defendant by trading with plaintiff's son, evidence *held* sufficient to sustain a judgment for plaintiff. p. 617.

3. REPLEVIN.—*Demand 'for Return of Property.*—*Necessity.*— Where defendant in replevin expressed his intention of resisting the action prior to the institution thereof, *held* that a demand by plaintiff for return of the property involved was not required, as it would have been useless. p. 617.

4. REPLEVIN.—*Demand.*—*Necessity.*—*Property Obtained by Unauthorized Exchange.*—Where defendant in replevin knew at the time of a trade with plaintiff's son that the automobile acquired by him was the property of plaintiff and was not for trade, no demand by plaintiff was necessary. p. 618.

5. REPLEVIN.—*Property Obtained by Unauthorized Exchange.*— *Restoration of Benefits before Suit.*—In an action in replevin by a father to recover an automobile which defendant had obtained in a trade with plaintiff's son, where no agency was established between plaintiff and his son, plaintiff was not required to make a restoration of benefits, notwithstanding the son had induced defendant to pay $400 in the exchange. p. 618.

6. REPLEVIN.—*Evidence.*—*Declarations of Person not Party to Action.*—*Admissibility.*—In an action to replevy an automobile which defendant had obtained in an exchange of automobiles with plaintiff's son, it was proper for the court to exclude

evidence as to conversation with plaintiff's son, and as to acts done by him, out of the presence of plaintiff, where the son was a stranger to the suit, and no agency between plaintiff and the son was established. p. 618.

7. REPLEVIN.—*Evidence.*—*Unauthorized Exchange of Property.* —*Value of Property Traded by Defendant.*—*Admissibility* — In an action to replevy an automobile traded by plaintiff's son without authority from plaintiff to defendant for a roadster, it was proper for the trial court to exclude evidence as to the value of the roadster. p. 618.

From Dubois Circuit Court; *John L. Dillon*, Judge.

Action by George A. Kemp against Elijah "Boss" Whitten. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Leo H. Fisher*, for appellant.

*W. E. Cox* and *W. S. Hunter*, for appellee.

NICHOLS, J.—Action in replevin by appellee against appellant, with bond for the immediate possession of an automobile.

It was averred in appellee's verified complaint that the automobile was the property of appellee, and that it had been wrongfully taken, and was being unlawfully detained by appellant. There was an answer in denial, trial by jury, and a verdict for appellee upon which, after motion for a new trial was overruled, this appeal.

The only error assigned is the action of the court in overruling the motion for a new trial.

It is well established by numerous authorities, both of the Supreme Court and of this court, that only evidence most favorable to the appellee will be considered in determining whether it sustains the judgment of the trial court, and that if there is any evidence tending to support it, the judgment will be affirmed. *Diamond Block Coal Co.* v. *Cuthbertson* (1916), 166 Ind. 290, 76 N. E. 1060; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600.

It appears by the evidence that on July 24, 1920, ap-

pellee was the owner of the automobile in suit, and that
he had so informed appellant about two weeks
2.  before, and that it was not for trade—this in
response to an inquiry by appellant as to the own-
ership, he saying at that time that he would like to trade
for it, that he could use it in his business.  On said July
24, 1920, appellee's son, without the authority of appel-
lee, traded said automobile to appellant for another car,
a roadster.

On Monday, July 26, 1920, appellee first learned
from his son of the trade and immediately ordered
his son to take the roadster back and get appellee's
automobile.  The son returned the roadster.  Before
bringing this action, and after trying to see appellant,
and after trying to get him by phone, appellee sent one
Heller to see him.  Heller advised appellant to compro-
mise, and told him that appellee would not rest until
he got his car back, and that it would cost them both a
lot of money, when appellant answered that he had
$1,000 to spend if appellee had.

There is much other evidence, and the evidence is con-
flicting as to the ownership of the automobile, but the
foregoing evidence was sufficient to sustain the judg-
ment.

Appellant contends that the verdict was contrary to
law because of appellee's failure to make a demand, and
to make restoration of benefits before suit.  As
3.  to the demand, appellant's attitude was such that
he was ready to spend $1,000 to test the rights
of property as between himself and appellee, and during
the whole course of the trial, contested appellee's own-
ership, and claimed to own the automobile himself by
reason of his trade with appellee's son.  It is apparent,
therefore, that a demand would have accomplished noth-
ing, and the law does not require a useless thing.  *Toney*
v. *Toney* (1880), 73 Ind. 34; *Indiana Mfg. Co.* v. *Porter*

(1881), 75 Ind. 428; *Sims* v. *Cooper* (1886), 106 Ind. 87, 5 N. E. 726; *Ferguson* v. *Hull* (1894), 136 Ind. 339, 36 N. E. 254; *Booth* v. *Fitzer* (1882), 82 Ind. 66.

It was averred in the complaint that the property was wrongfully taken, and it appears by the evidence that appellant knew at the time of the trade with appellant's son that the automobile belonged to appellant, and that it was not for trade.   Under such circumstances, no demand was necessary.   *Ahlendorf* v. *Barkous* (1898), 20 Ind. App. 657, 50 N. E. 887; *Robinson* v. *Shatzley* (1881), 75 Ind. 461; *Davis* v. *Bryant* (1913), 52 Ind. App. 343, 100 N. E. 1062.   As to restoration of benefits before suit, it does not appear that appellee ever received any benefits.   There was no agency established between appellee and his son, authorizing the son to trade the car, and the evidence conclusively shows that appellee refused to accept the roadster in exchange for his automobile.   The fact that the son induced appellant to pay $400 for the roadster, cannot affect appellee's rights.   Were the action between appellant and the son, a different question would be before us.

Appellant complains of the exclusion of certain evidence as to conversations with appellee's son, and as to acts of his, all out of the presence of appellee. But he was a stranger to this law suit, a third party, and no agency with him was established. His statements were properly excluded.   It was not error to exclude evidence as to the value of the roadster for appellee had nothing to do with it, and its value could not in any way control appellee's rights.

We have examined each of the instructions given by the court, and we hold that as a whole they state the law of the case, and that the jury could not have been misled thereby.

We find no reversible error.   Judgment affirmed.