## RANIER ET AL. *v.* STEPHANOFF.

[No. 11,541. Filed December 4, 1923. Petition for rehearing dismissed February 20, 1924.]

1. APPEAL.— *Pleading.— Theory, of.— Construction by Trial Court.*—The theory of a pleading adopted by the trial court will be adhered to on appeal, where the pleading is susceptible of that construction. p. 167.

2. APPEAL.—*Review.—Sufficiency of Evidence.—Verdict on Contradictory Evidence.*—The verdict will be upheld on appeal

where the evidence most favorable to appellee, considered in connection with the reasonable inferences which the court may have drawn from the facts it tends to establish, is sufficient to sustain it, regardless of the fact that other inferences, equally as reasonable, in favor of appellant, might have been drawn from the conflicting evidence.  p. 168.

3.  CONVERSION.—*Demand.*—*Proof of.*—No formal words are necessary to constitute a demand.  p. 168.

From Marion Superior Court (A12,156) ; *Solon J. Carter,* Judge.

Action by Pete Stephanoff against John F. Ranier and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*Richard L. Ewbank* and *Walker & Hollett,* for appellants.

*Emsley W. Johnson* and *Joseph W. Hutchinson,* for appellee.

BATMAN, J.—This is an action by appellee against appellants for damages, in which the issues formed by the second paragraph of complaint, and an answer thereto in general denial, were submitted to a jury for trial, resulting in a verdict and judgment in favor of appellee for $450.   Some question has arisen as to the theory of the cause of action, as stated in said paragraph, but the court construed it as an action for the conversion of personal property, and the trial proceeded on that theory.   As the paragraph is susceptible of that construction, we will adhere to it on appeal, under the settled rule in that regard.   *Blanchard-Hamilton, etc., Co.* v. *Colvin* (1904), 32 Ind. App. 398; *Flowers* v. *Poorman* (1909), 43 Ind. App. 528; *McKinley* v. *Britton* (1913), 55 Ind. App. 21.   Appellants filed a motion for a new trial, which was overruled, and this action of the court constitutes the only error assigned on appeal.

Appellants contend that the verdict is not sustained

by the evidence, either as to appellee's right of recovery, or as to the amount thereof. We cannot sustain 2, 3. this contention in either of the particulars stated, as the evidence most favorable to appellee, when considered in connection with the reasonable inferences which the court may have drawn from the facts it tends to establish, is sufficient to sustain, not only every essential element of appellee's right to recover as against both of the appellants, but also as to the amount of the damages assessed. *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637; *Chicago, etc., R. Co.* v. *Wesolowski, Admx.* (1919), 70 Ind. App. 5; *Chicago, etc., R. Co.* v. *Lake Co. Savings, etc., Co.* (1916), 186 Ind. 358; *Chicago, etc., R. Co.* v. *Schipper* (1921), 75 Ind. App. 669. If it be admitted that such favorable evidence is strongly contradicted, and that the facts which it tends to prove are susceptible of inferences, equally as reasonable, in favor of appellants, it would not lead to a different conclusion, under the settled rules relating to the sufficiency of the evidence, when challenged on appeal. *Van Spanje* v. *Hostettler* (1918), 68 Ind. App. 518; *Gray* v. *Blankenbaker* (1918), 68 Ind. App. 558; *Bilskie* v. *Bilskie* (1919), 69 Ind. App. 595; *City of Linton* v. *Jones* (1921), 75 Ind. App. 320, 130 N. E. 541; *Klotz* v. *First Nat. Bank* (1922), 78 Ind. App. 679, 134 N. E. 220. Referring particularly to the question of demand, we may add that there is sufficient evidence to warrant a finding, that, if one was essential, it was in fact made, since no formal words are required. 18 C. J. 480; *Willets* v. *Ridgway* (1857), 9 Ind. 367; *Welborn* v. *Kimmerling* (1909), 46 Ind. App. 98.

We have carefully considered each of the remaining contentions made by appellants, which relate to the giving of instructions and the exclusion of evidence, and are not convinced that the court committed reversible error in any of its rulings with reference thereto. We

will not extend this opinion by a discussion of these several contentions in detail, as no good purpose would be subserved thereby. Appellants having failed to show that the court erred in overruling their motion for a new trial, the judgment is affirmed.