## BEAVER PRODUCTS COMPANY *v.* VOORHEES.

[No. 11,788.   Filed February 29, 1924.]

1. TROVER AND CONVERSION.— *Conversion.*— *Definition.*— Conversion, as a tort, consists either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's.   p. 183.

2. TROVER AND CONVERSION.—*Conversion.*—*Acts Amounting, to.* —Where a dealer in shingles shipped to a buyer a lot of shingles that were not of the kind ordered, they being left in the possession of the buyer, and the dealer thereafter authorized ·the buyer to sell the shingles for it, but later ordered them reshipped to it, after the buyer had made arrangements to sell them, but delivery had not been made, the buyer advising the seller that he could not comply with its order because of that fact, *held*, that the buyer was not guilty of conversion in refusing to reship the shingles to the seller, as he was the agent of the seller at the time he was ordered to reship them, and was claiming no right of ownership or possession against the seller. ˙p. 183.

From Clinton Circuit Court; *Earl B. Stroup*, Judge.

Action by Beaver Products Company against Richard D. Voorhees.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*

*Van Brunt & Harker*, for appellant.
*Thomas M. Ryan*, for appellee.

NICHOLS, J.—Action by appellant for damages for conversion.   The only error assigned is the action of the court in sustaining appellee's demurrer to the complaint.   It is averred therein that on and prior to February 24, 1921, the Vulcanite Company was the owner of fifty squares of shingles which it shipped on said date to appellee, such shipment being intended to fill an order from appellee, but by mistake of said roofing company, the shingles so shipped were not the kind ordered.   Thereupon appellee wrote to said roofing com-

pany stating that the shingles were not the kind ordered, and that he would sell them for said company or it could move them elsewhere, with the suggestion that he preferred them moved elsewhere in order to get them out of the way. Said roofing company consented to the proposition of appellee to sell said shingles for it, and permitted them to remain in his possession that he might attempt to sell them. On May 5, 1922, said roofing company wrote a letter to appellee from which we quote as follows: "We presume that you would like to get rid of these fifty squares of shingles and we would suggest that you kindly arrange to ship them to our company at Chicago, and when they are received we will arrange to pass credit to your account of $270.65, which is the amount charged against you on these fifty squares." Upon receipt of this letter, appellee in answer thereto wrote to said roofing company as follows: "We sold these fifty squares on a large barn in the country here although the party has not ordered them out yet, but he expects to start reroofing now within the next few days. When your salesman was here some few weeks ago he said that he had orders to sell these shingles at $4 per square in order to clean up this old account, and we sold them to this farmer on that basis, and besides have to deliver them ten miles in the country. It is impossible for us to ship them to Chicago since they are sold here. * * * We trust this will meet with your approval and as soon as they are delivered we will mail you a check for the $200." On May 28, 1922, said shingles were destroyed by fire while yet in the possession of appellee, by reason of which, the roofing company was damaged in the sum of $350. Thereafter said roofing company assigned its assets, including its claim against appellee as above set out, to appellant, and it is now the owner thereof and demands judgment for $350.

It is appellant's contention that the failure of appellee to ship the shingles to it as requested in its letter amounted to a conversion thereof for which appellee is liable in damages.    But we are not impressed with appellant's contention.    Conversion is defined in 38 Cyc 2005, as "An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights."

In *Hunter* v. *Cronkhite* (1894), 9 Ind. App. 470, this court quotes with approval the following definition from 4 Am. & Eng. Ency. of Law p. 108:    "Con-
1, 2. version consists, as a tort, either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's."    There is no averment in appellant's complaint that would constitute a conversion of the property involved on the part of appellee, in the light of the foregoing definitions.    The agreement between the roofing company and appellee constituted appellee as the agent of the company, and, in that capacity, he was serving at the time he made the sale.    At no time did he claim a right to or ownership of the property as against the roofing company, but after stating that the property had been sold, informed the company that as soon as payment was made, the remittance thereof would be made to the company. These acts were wholly within the scope of appellee's authority as agent of the roofing company.    Even if appellant's letter were construed as an unequivocal demand for the possession of the property, it also required that appellee should ship the same back to the company. There was no obligation on the part of appellee, even if

he had not sold the property, to do more than deliver the possession upon demand.   His letter to the roofing company, stating the conditions as to the sale, did not amount to a denial of the roofing company's right to possession.   We hold that, under the averments of the complaint, appellee was the agent of the roofing company to sell the shingles involved at the time he received the letter with suggestion to ship them back, and that he was claiming no right of ownership or of possession against appellant's assignor, the roofing company; that even if such letter was a demand, it required more of appellee than he was required to perform; and that appellee's letter stating conditions as to the sale did not amount to a refusal of the possession to appellant because of any claim by appellee of right or ownership of the property, and, in the absence of an allegation that the roofing company repudiated the act of appellee in selling the shingles as stated by him in his letter to the roofing company, his failure to ship them to the roofing company prior to the fire cannot be held to amount to a conversion.   See *Cumberland Tel., etc., Co.* v. *Taylor* (1909), 44 Ind. App. 27, 33, 88 N. E. 631.

Judgment affirmed.