[Civ. No. 6672. First Appellate District, Division One.—August 28, 1930.]

FRANK MELINE COMPANY (a Corporation), Respondent, v. MRS. L. KLEINBERGER, Appellant.

Young & Young, Milton K. Young, Lyndol L. Young, William K. Young, Eugene J. Simerson and Eugene Kelly for Appellant.

Walter H. Hewiker and Chapman & Chapman for Respondent.

PARKER, J., *pro tem.*—This is an appeal by defendant from a judgment in favor of the plaintiff in an action to recover real estate broker's commission.

The case has a history, which, for uses hereinafter, may be here related. The action was commenced in 1922. After issue joined a trial date was set and upon that date the taking of testimony began. At the conclusion of plaintiff's case, the court granted defendant's motion for a nonsuit and judgment was entered accordingly. From this judgment an appeal was taken and the appellate court held the trial court to have been in error in granting the nonsuit and the case was returned. On the second trial no additional evidence was offered by plaintiff and the defendant

offered evidence supporting her defense. On this trial judgment went for the defendant. Thereafter, on motion of plaintiff a new trial was granted. This is the trial resulting in the judgment from which the present appeal arises. Incidentally, it might be noted, that in each proceeding before the trial court a different judge presides; it is thus manifest that many minds have been engaged in solving the questions presented with divided opinions. As has been noted in this review, the case has heretofore been before the District Court of Appeal. The opinion of the court is found in *Frank Meline Co.* v. *Kleinberger,* 77 Cal. App. 193 [246 Pac. 136]. We are not inclined to again state all of the facts of the case. The main features are most fully detailed in the opinion referred to. On the going back of the case, the same evidence was adduced by plaintiff and the case presented by defendant consisted only of the deposition of the defendant herself and one other witness. On the last trial the case was submitted on the former record, plus an additional deposition of defendant and the testimony of the same witness who appeared at the former hearing. Therefore, it will be seen that no facts, supporting respondent's case appear other than as stated in the opinion on the first appeal.

The appellate court held squarely that the facts adduced by plaintiff would, in the absence of contradiction warrant a recovery as prayed. Therefore, our present inquiry, at the outset, must go to the weight of the opposing evidence offered by the defendant. Appellant argues here that the appellate court held merely that the facts as presented by plaintiff sufficed to make out a *prima facie* case, and that any evidence contradictory of the facts adduced by plaintiff was sufficient to overthrow this *prima facie* showing. Such is not the law, nor can authority be cited in support thereof. A *prima facie* case, having been once established, it was a matter for the trial court to determine when and if the showing so made was overcome by evidence offered to the contrary. The term *prima facie* has no narrow or restricted meaning synonymous with inference or presumption. It means, literally, "at first view." Its meaning as applied to evidence or to a showing made is somewhat more extensive. In 3 Words and Phrases (Second Series), we find many applications of the term. It seems

settled by the greater weight of authority that a *prima facie* case is that which is received or continues until the contrary is shown. A *prima facie* case is one which is established by evidence and can be overthrown only by rebutting evidence adduced on the other side.

It is conceded that the determination of the appeal made the law of the case as applicable to the same state of facts resubmitted to the trial court. Therefore, appellants must concede that if no testimony had been offered by her upon the retrial, the lower court, under the ruling, would have been obliged to enter judgment for plaintiff. Therefore, we come to the showing of the appellant to overcome the case thus made.

At the outset, it is our opinion, that the extent of the testimony and evidence offered by appellant would or could have gone no further than to have created a conflict, the determination of which was the exclusive province of the trial court. Inasmuch, however, as appellant contends as a matter of law that the counter-showing completely destroyed the *prima facie* case and took the question out of the domain of fact, we can without detail of the evidence, consider the claims of appellant from this standpoint. As stated, the only evidence offered by the appellant was her own testimony and that of the broker Donohue, referred to in the opinion cited. This evidence and the whole thereof was characterized by evasion, lack of memory of details, admissions of misleading statements made to plaintiff, and flat contradiction between the two witnesses. A mere reading of the transcript will indicate the utter unreliability of the defense offered and will support the conclusion that its greatest effect would be to establish a mere conflict. Further, the supporting witness was shown to be a person directly interested in the litigation and one who was financing the proceeding.

Appellant attacks the showing of plaintiff from another ground. It is her contention that certain admissions alleged to have been made by her should not be considered, under the rule that evidence of oral admissions should be received with caution. Conceding this rule, it loses its force, where, as here, the fact of having made the admissions in question is admitted. All of the reasons as to faulty memory, misinterpretation of language used, misunderstanding

of meaning intended and similar arguments fail when the fact of the admission is conceded. When a party admits. having made certain statements, as here, then there is no occasion to invoke the rule. The weight to be given the admission is a matter for the trial court.

■ Lastly, appellant urges that the record discloses that the plaintiff was guilty of unfair and double dealing and that under the authorities an agent so tainted can recover no commissions in a case of this character.

We are not prone to give much consideration to this contention. The defense was not pleaded. The defense is admittedly raised for the first time on appeal. In this connection appellant cites us to a number of authorities wherein it is held to be the duty of a reviewing tribunal, *sua sponte*, to diligently search the record and ferret out fraud in any of its forms and when found to promptly deny relief to the guilty party. This rule, if conceded, has its limitations. After six or more years of litigation, resulting in three separate trials, it seems obvious that the fraud complained of does not appear so convincingly if the same counsel overlooked it until the preparation of his brief on appeal from the last judgment. The same facts upon which the fraud is predicated were in the record at the time of the first appeal and could have been there urged with equal force as now.

■ The business of a real estate broker is, and has been at all times with which the present case deals, the subject of strict regulation and supervision. It is generally conceded that a broker necessarily must deal with both parties in the very nature of his business. Where a broker is engaged to sell real estate, a part, if not all, of his duty is to find a buyer. From this point his effort is to bring the parties together upon the terms outlined, if any, by the owner. Where, as here, the terms of the sale as far as the amount is concerned, are fixed, little discretion in that regard is left with the broker. When the proposition of the seller is offered to a prospective purchaser it is well within the scope of a broker's engagement to convey the answer to the seller and to negotiate between the parties involved.

The contentions of appellant are based on more or less detached excerpts of the testimony of the president of the plaintiff corporation. Giving these the weight contended

for, it does not appear that any secret profit was to result to plaintiff. The defendant had set her price but had left open the question of the terms of any deferred payments, permissible under her own proposition of sale. The prospective purchaser presented by plaintiff was urging certain terms not agreeable to defendant and the plaintiff was merely presenting to defendant the various offers of his client for her acceptance.

 It must be remembered, however, that plaintiff is not claiming a commission by virtue of any sale made by it. Under the terms of its contract it was entitled to the full commission, if during the term of the contract, the owner should sell without the aid of the plaintiff. The defendant did sell and the sale thus consummated was admittedly a sale with which the plaintiff was in nowise connected. Therefore, it is difficult to see, without evidence of some kind, just how there could have been any secret reservations or unfairness or double dealing on the part of plaintiff with reference to this sale with which he had no connection whatsoever. If it were true that plaintiff in its prior negotiations with its clients had some dealings from which an unfair advantage would accrue to it, it might have afforded ample grounds to deny it commission on any sale thus effected. It might have created a situation wherein defendant would have been justified and permitted to rescind and cancel the agreement. But neither of these situations are here present. The defendant made for herself a deal more advantageous to her than the one she had outlined for the plaintiff to carry through and seeks to deprive plaintiff of its commission due under the contract by the contention that if plaintiff had been permitted to consummate the transaction it might have resulted in some unfair advantage. The contention of appellant is highly hypothetical and the facts adduced do not warrant the application of the doctrine set forth in the cases cited.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.