HAYS ET AL. *v.* BURNS.

[No. 16,141. Filed March 21, 1939.]

*Robert E. Thompson, Schuyler C. Irwin, Ralph E. Horner,* and *Harry W. McDowell,* for appellants.

*Hanley & Hanley, Reidelbach & Spangler,* and *Robert B. Wright;* for appellee.

DUDINE, J.—This was an action in replevin instituted by appellee against appellants to recover a certain quantity of corn.

The complaint was in the usual form of complaint in replevin. A writ of replevin was duly issued by the clerk of the court and served upon appellants, who thereupon filed a replevin bond, which was approved, and appellants retained possession of the corn. Appellants filed an answer in general denial. The cause was submitted to the court for trial without a jury and the court found for appellee, that he was the owner of said corn and that it was worth $95.00 and that appellants were unlawfully detaining it from appellee. Judgment was entered in accordance with the finding.

The sole error assigned upon appeal is contended error in overruling a motion for new trial which was filed by appellants. The grounds for new trial which are presented are: (1) the decision is not sustained by sufficient evidence; (2) the decision is contrary to law.

The evidence shows without dispute that appellants had raised a corn crop on appellee's farm, on a crop rental basis, pursuant to a written lease entered into by said parties, which lease provided that appellants were to receive a three-fifths share of the corn crop and appellee was to receive a two-fifths share thereof, and that appellee's share was to be delivered by appellants to an elevator.

Appellants contend that "there was no division of the crop upon which to base a replevin suit."

"It may be conceded that where land is rented to a tenant under a contract by which the landlord is entitled to a share of the crops raised on the land, as rent, the landlord's share to be delivered to him by the tenant, after measuring in the bushel, or weighing, the tenant is entitled to the possession of the crops until the same shall have been measured or weighed; . . ." *Niagara Oil Co.* v. *Ogle* (1912), 177 Ind. 292, 299, 98 N. E. 60.

The evidence on the question of whether or not there was a division of the crop is conflicting.

There is evidence in the record which shows that the crop comprised four hundred fifty-four (454) bushels. Part of it was gathered and thrown into a crib located on the leased farm, and part of it was hauled directly to appellants' premises. One hundred ninety-seven bushels were hauled from said crib to an elevator by appellants and appellants accounted to appellee for his two-fifths share thereof. Appellants did not account to appellee for his two-fifths share of the balance of the crop, which was two-fifths of two hundred fifty-seven (257) bushels or one hundred three (103) bushels of corn. The corn sought to be replevied was the corn that remained in said crib after said one hundred ninety-seven (197) bushels were removed. There is evidence in the record to the effect that it was estimated to be about one hundred six (106) or one hundred eight (108) bushels.

Appellant William F. Hays testified repeatedly and very positively that there was no division of the crop but the trial court may have disbelieved such testimony and may have concluded that the evidence shows that there had been a division. The evidence, when considered together with the inferences which can reason-

ably be drawn therefrom and which are favorable to the decision, particularly the evidence showing that the amount of corn remaining in the crib was approximately the amount due appellee, exclusive of his share of the the hundred ninety-seven (197) bushels, is sufficient to sustain a finding that there had been a division of the crop.

Appellants contend further "no demand was made for possession of the corn sought to be replevied."

It is an elementary rule of law that where a defendant's possession is lawful a demand must be made upon him, followed by a refusal, before his possession becomes unlawful. A demand for possession and a refusal are usually conditions precedent to the bringing of actions in replevin where the defendant's possession is lawful, but such demand and refusal are not conditions precedent to an action in replevin in such cases where it is shown that the demand would have been unavailing. *Jordan* v. *Jordan* (1922), 78 Ind. App. 617, 136 N. E. 866; *Whitten* v. *Kemp* (1922), 77 Ind. App. 615, 134 N. E. 211. "Whether a demand was made, or had one been made, it would have been unavailing are questions of fact for the court or jury trying the cause." *Jordan* v. *Jordan, supra,* p. 623, citing *Meeker Hotel Co.* v. *Forgan* (1919), 71 Ind. App. 199, 124 N. E. 505.

The evidence shows that on November 23, 1936, appellee served a written notice upon appellants to deliver said corn to a certain market "not later than November 24, 1936." Appellants contend this was not a sufficient compliance with the requirement for a demand because the instant suit was filed on the same day, to wit, November 23, 1936, before the time fixed in said notice for the delivery of said corn.

It is not necessary that we discuss said contention. The evidence shows that when said notice was given to

appellant William F. Hays, he said, "I am going to sell that corn." The evidence shows further that shortly before that date appellee's agent made inquiry of appellant William F. Hays about said corn and appellant said, "I am going to sell this corn, I am going to take out this crop (of corn) for the oats that you fellows are plowing under . . . you have no right to plow that under." Said evidence when considered with the reasonable inferences which may be drawn therefrom sustains a finding that a proper demand would have been unavailing, and hence proof of a proper demand was unnecessary in this case. *Jordan* v. *Jordan, supra.*

No error, which requires reversal of this cause, having been shown, the judgment is affirmed.