SEIP, ADMR., *v.* GRAY ET AL.

[No. 28,493. Filed February 9, 1949.]

*Roscoe D. Wheat,* of Portland, and *Fenton, Steers, Beasley, and Klee,* of Indianapolis, for appellant.

*J. Gordon Meeker, Moran and Abromson,* of Portland, for appellees.

GILKISON, J.—John M. Seip filed his complaint in the Jay Circuit Court against the appellees seeking to recover the value of his automobile which the appellees, Frank Gray and William Whitaker, are alleged to have wrongfully taken and unlawfully converted to their own use in the following manner:

On February 28, 1946, appellee, Gray, filed his verified replevin complaint before the appellee, Maxwell, as a Justice of the Peace of Wayne Township, Jay County, claiming the automobile as his own, and that it was of the value of $175, under §§ 5-1302, 5-208, Burns' 1946 Replacement. At the same time he filed a replevin bond in the penalty of $350, conditioned as provided by law with appellee, Whitaker, as surety thereon, and delivered to the Justice of the Peace $350 in support of the bond. Thereupon the Justice issued a writ of replevin to a special constable who executed the writ by taking possession of the property and delivering it to appellees. Appellees then took the property out of the state, and thereafter appellee, Gray, dismissed the replevin action before the Justice of the Peace, who thereupon rendered judgment for the return of the automobile to appellant,

and in event it was not returned, that appellant recover the value thereof with costs. The automobile was not returned nor was its value—alleged in the complaint in this action to be $1,000—paid to appellant.

The prayer is for $1,000 damages against appellees, Gray and Whitaker, and that the appellee, Justice of the Peace, be required to pay the $350 held by him, to the clerk of the court to be applied on any judgment rendered. The Justice of the Peace paid the $350 less $5.75 costs, into court, and as to him the cause was dismissed.

There was a showing of the death of the plaintiff, John M. Seip, and Prentiss S. Seip, administratrix of the estate of John M. Seip, deceased, was substituted as plaintiff.

Appellees' demurrer to the complaint was sustained and appellant refusing to plead further, judgment was rendered against her, from which she appeals, alleging error of the court below in sustaining a demurrer to her complaint.

Among other things our law requires that a complaint shall contain: "A statement of the facts constituting the cause of action in plain and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." § 2-1004, Burns' 1946 Replacement. This requirement of our law has been greatly abused by practicing lawyers. Not infrequently they plead evidence and sometimes foreign matters. Sometimes they make repetitious averments and sometimes material facts are averred with such prolixity as to conceal rather than reveal what they are intending to plead. It is not unusual that more than one cause of action is contained in a single paragraph of complaint, and there may be many other violations. Our

reports indicate that it has always been thus. To rectify such situations we recognize motions to strike out parts, and under specified conditions all of a pleading, Burns' 1946 Replacement, § 2-1054; to make more specific, definite and certain, Burns' 1946 Replacement, § 2-1048; to paragraph and number, Burns' 1946 Replacement, §§ 2-1004 (Cl. 3), 2-1006; and other preliminary tests. The complaint before us was not so tested. It is tested only by demurrer, and the rule governing is, if the complaint states facts sufficient to entitle appellant to any relief whatever it is good against a demurrer for want of facts. *State ex rel. City of Loogootee* v. *Larkin* (1941), 218 Ind. 382, 385, 33 N. E. 2d 112; *Bennett* v. *Preston* (1861), 17 Ind. 291, 293.

Plaintiff entitled her complaint "Complaint on bond in replevin," and the lower court seems to have treated it as such, as did the Appellate Court (1948), 79 N. E. 2d 216. An examination of the complaint and the record demonstrates this is error. It is a complaint to collect damages resulting from a wrongful conversion of appellant's decedent's property by appellees, Gray and Whitaker.

Our courts have held that "The essence of every conversion is the wrongful invasion of the right to, and absolute dominion over, property owned, or controlled, by the person deprived thereof, or of its use and benefit. *First National Bank* v. *Ransford* (1913), 55 Ind. App. 663, 666, 104 N. E. 604; *Kidder* v. *Biddle* (1895), 13 Ind. App. 653, 659, 42 N. E. 293; *Vandalia R. Co.* v. *Upson Nut Co.* (1913), 55 Ind. App. 252, 254, 101 N. E. 114, 101 N. E. 388; *Chicago I. & L. R. R. Co.* v. *Pope* (1934), 99 Ind. App. 280, 282, 188 N. E. 594. See also 53 Am. Jur., Trover and Conversion, § 24, p. 819; 65 C. J., Trover and Conversion, § 3, p. 12. See also *Terrell* v. *Butterfield, Executor*

(1883), 92 Ind. 1, 10, 11; *Bunger* v. *Roddy* (1880), 70 Ind. 26, 28; *Armacost, Admr.,* v. *Lindley, Admr.* (1888), 116 Ind. 295, 296, 19 N. E. 138; *Gordon* v. *Stockdale* (1883), 89 Ind. 240, 245; *Shearer* v. *Evans* (1883), 89 Ind. 400, 403, 404; *Collins* v. *Ayers* (1877), 57 Ind. 239, 241; *Alexander et al.* v. *Swackhamer* (1885), 105 Ind. 81, 86, 4 N. E. 433, 5 N. E. 908.

The averments of appellant's complaint are sufficient to constitute a good action for damage for the tortious conversion of personal property, and it was error to sustain the demurrer.

The filing of the verified complaint in replevin before the Justice of the Peace, in which the value of the automobile was fixed at $175; giving an approved replevin bond with penalty as fixed by law agreeable with the sworn statement of appellee, Gray; procuring the writ of replevin; having the property taken by the special constable under the writ and delivered forthwith to appellees; the removal of the replevined property out of the State of Indiana; and the dismissal of the replevin suit are but affirmative acts by appellees in the perpetration of the tortious act of conversion.

Evidently the Justice of the Peace had jurisdiction of the replevin suit as it was presented to him by appellees. Appellees sought the jurisdiction of the Justice and by the verified complaint and bond procured the issuance of the writ of replevin. Appellees cannot now be heard to dispute the jurisdiction thus procured and exercised; the validity of the writ so issued or the action of the special constable taken thereon. They are estopped from so doing. *Harbaugh* v. *Albertson* (1885), 102 Ind. 69, 1 N. E. 298; *Robertson* v. *Smith* (1891), 129 Ind. 422, 28 N. E. 857. See also *Waddell* v. *Bradway* (1882), 84 Ind. 537.

In our view of the case, however, it is immaterial in this action whether the Justice of the Peace had or had not jurisdiction of the particular replevin action filed before him. It was the method used by appellees unlawfully and wrongfully to get possession of appellant's property and convert it to their own use, and it was proper to plead it in the complaint.

The judgment is reversed with instruction to the court below to overrule the demurrer to appellant's complaint.

NOTE.—Reported in 83 N. E. 2d 790.