## SIKORA *v.* BARNEY ET AL.

[No. 20,014. Filed June 15, 1965. Rehearing denied August 11, 1965. Transfer denied April 26, 1966.]

*Owen W. Crumpacker, George V. Burbach, Kenneth D. Reed,* and *Crumpacker, Burbach & Abrahamson,* of Hammond, for appellant.

*Paul B. Huebner,* and *Huebner & Huebner,* of Hammond, for appellee.

HUNTER, J.—This action was instituted by appellee, Barney, in the Lake Superior Court upon the filing of a complaint in two paragraphs against appellant, Sikora and appellees, Michael and Anne Matovina. The first paragraph constituted a complaint to foreclose a mechanic's lien with which we are not here concerned on this appeal. The second paragraph of the complaint alleged the essential elements of tortious conversion of personalty by Sikora and the Matovinas. Upon the latter paragraph in conversion, the trial court entered judgment in favor of appellee Barney and allowed damages in the sum of Three Thousand ($3,000) Dollars for the tortious conversion of an unattached house by appellant Sikora. The trial court further found that Barney should take nothing by his paragraph in foreclosure of a mechanic's lien against Michael and Anne Matovina and also that he take nothing against the Matovinas in conversion. The Matovinas are therefore parties to this appeal only because they were parties below. We are therefore only concerned with appellant Sikora and appellee Barney in this decision. The trial court

further found in favor of appellant Sikora on his cross-complaint in set-off against Barney and allowed damages thereon in the sum of One Thousand Nine Hundred and Twenty ($1,920) Dollars leaving a difference owing from Sikora to Barney of One Thousand and Eighty ($1,080) Dollars.

Appellant assigns the error that the trial court erred in overruling his motion for a new trial. Within this assignment, appellant urges three (3) propositions:

(1)  The evidence is insufficient to sustain a finding in tortious conversion.

(2)  The amount of damages in the sum of Three Thousand ($3,000) Dollars awarded appellee Barney was excessive.

(3)  The amount of damages in the sum of One Thousand Nine Hundred and Twenty ($1,920) Dollars awarded appellant Sikora was too small.

We will separately consider these propositions. To provide a proper background for our decision herein, we must set forth the pertinent facts of this case which are as follows:

Appellee Barney entered into an agreement with the Borden Company in Hammond, Indiana to remove some frame structures from its premises. Thereupon, Barney entered into a written agreement with appellant Sikora, a housemover, which provided in substance that Sikora move four (4) houses (referred to herein as houses "A," "B," "C" and "D") from the Borden lot to designated places within the City of Hammond, Indiana. The consideration for moving houses "A" and "B" was One Thousand and Ten ($1,010) Dollars apiece and the consideration to be paid for moving houses "C" and "D" was Nine Hundred and Sixty ($960) Dollars apiece. The house with which we are herein concerned as being subject to the suit in conversion is house "C."

Sikora was attempting to move house "C" to a lot designated by Barney. The Hammond City Police stopped him as he was about to place the building on the lot. He was apparently restrained from placing the house because of an al-

leged violation by Barney and one Solan of the Hammond Building Code in connection with placing this particular building at this location. The Police then directed Sikora to move the house partially on this lot so that traffic would not be obstructed. Sikora then left the house, still resting on his equipment, at this location for approximately sixteen (16) weeks. Barney was, during this time, attempting to arrange that another lot nearby be used for the location of house "C." After the sixteen (16) weeks had passed, Sikora "sold" the building to the Matovinas for One Thousand and Five Hundred ($1,500) Dollars keeping the money for himself. As part of this purported sale, Sikora delivered to the Matovinas a Bill of Sale which contained a sworn affidavit to the effect that Sikora was the owner of house "C."

Appellant urges that there is no evidence to support the trial court's finding that he committed a tortious conversion. His argument on this point is based upon the rule of the case of *Beaver Products Co.* v. *Voorhees* (1924), 81 Ind. App. 181, 142 N. E. 717. This case held that an owner of personal property, who had consented that such property could be sold by the agent, could not maintain an action for conversion of that property against that agent after the property was sold. Appellant claims that he attained authority to assert ownership and sell the house because of an alleged statement by Barney to Sikora to the effect that Sikora should "locate a buyer, somebody who would like to buy a house and have it moved." Appellant asserts, upon this statement, that he had carte blanc authority to sell the house as if he were its owner and he could therefore not have committed a conversion.

Conversion is defined as:

"The exercise of dominion over personal property to the exclusion and in defiance of the rights of the owner or withholding it from his lawful possession under a claim of title inconsistent with the owner's (title) . . ." *Hardy* v. *Heeter* (1951), 120 Ind. App. 711, 717, 96 N. E. 2d 682, citing *Prudential Ins. Co.* v. *Thatcher* (1937), 104 Ind. App. 14, 20, 4 N. E. 2d 574.

More specifically, a sale and delivery of goods made by one not an owner without authority of the owner, constitutes tortious conversion. *Miller, et al.* v. *Long* (1956), 126 Ind. App. 482, 491, 131 N. E. 2d 348. Considering the evidence in the instant case in toto, we cannot conclude as a matter of law that appellant Sikora attained absolute authority from Barney to exercise dominion over building "C" to such an extent that he could sell this property as if he were the owner of such.

Appellant admitted Barney's ownership of the building at the trial. Barney denied that the statement to Sikora to "locate a buyer" gave him authority to consummate a sale. There was no writing giving authority to sell to Sikora and the parties had previously only dealt in writing before. Barney had previously made all the arrangements concerning the moves. Barney was not aware of the move of building "C" and was in fact surprised to find it had been moved.

We take cognizance of a proposition found in appellant's brief in which he surmises that Barney's statement that Sikora "find a buyer" may be susceptible of varied interpretations; i.e., (1) that Sikora bring together a prospective buyer with Barney, or (2) that Sikora was authorized to consummate a sale. Considering all of the evidence pertaining to this aspect of the case, we cannot conclude that it would be erroneous for the trial court to ascribe the first mentioned interpretation to Barney's statement, if indeed either of these interpretations need be adopted. The trial judge had before him the evidence pertaining to the parties' acts surrounding the disposition of this building including the facts mentioned above and has concluded that Sikora converted Barney's building. We iterate the maxim that we will not weigh the evidence to decide otherwise. *Howard* v. *Illinois, etc., R. Co.* (1917), 186 Ind. 88, 115 N. E. 50. We therefore must agree with the trial court that Sikora exercised unwarranted dominion of Barney's property by executing a false affidavit stating that he owned the building and

he thus committed tortious conversion when he sold and delivered such property without Barney's consent. *Miller, et al. v. Long, supra.*

Appellant secondarily urges that the trial court could not award Three Thousand ($3,000) Dollars damages for the conversion of the house because such sum was excessive in light of the evidence introduced at the trial pertaining to damages. Generally, damages allowable in conversion is the fair market value of the converted property at the time of the conversion. *Miller, et al. v. Long, supra,* at p. 495; *Hardy v. Heeter, supra,* at p. 717. "Fair Market Value" is defined as the price at which a willing seller and a willing buyer will trade. Black's Law Dictionary, 4th Edition.

Barney testified that each of three (3) other similar houses ("A," "B" and "D") brought the sum of Three Thousand ($3,000) Dollars and house "C" was worth the same. We believe that evidence of sales prices of similar property as that converted is proper and indeed very good evidence of the fair market value of such converted property. There was thus a proper evidentiary basis for the Three Thousand ($3,000) Dollars award to Barney and we therefore hold that the damages awarded to him for the conversion of building "C" is not excessive.

We likewise conclude that the trial court did not commit error in the amount of damages awarded to Sikora on his cross-complaint. Appellant urges that the award to him was too small in that he necessarily should have been awarded damages for the loss of use of his equipment for the time such equipment was "held up" under building "C" while it was on the first property for some sixteen (16) weeks. There is evidence in the record from which the trial court could have inferred that Sikora was not necessarily required to leave his equipment under the house. There is also evidence to the effect that it was the custom to leave the buildings on the equipment for several weeks after the

move had been accomplished and no additional compensation was ordinarily given. The amount of damages is largely within the discretion of the trier of the facts and will seldom be disturbed unless there obviously exists prejudice, passion or partiality. *Miller* v. *Long, supra,* at pp. 496-497, citing *Oceana Oil Producers, Inc.* v. *Portland Silo Co.* (1951), 229 Ind. 656, 663, 100 N. E. 2d 895. Appellant has made no showing of prejudice, passion or partiality by the trial judge and we will not weigh the evidence to reach a contrary conclusion as to the trial court's award of damages. Such award is therefore not erroneous.

In conclusion, we observe that Sikora may have had difficulty understanding the English language because of his foreign origin. This is apparent from an examination of his testimony, which is in "broken" English. Thus, as the trial court has stated, there may have been a "language barrier" which *may have* prevented Sikora from complete understanding Barney's statement that Sikora could "find a buyer." It could therefore be possible that Sikora had no wrongful intent or bad faith when he converted Barney's property. However, appellant's good faith in assuming dominion over appellee's goods is immaterial because *mens rea* is not an essential element in the tort of conversion. *Prudential Ins. Co.* v. *Thatcher* (1936), 104 Ind. App. 14, 20, 4 N. E. 2d 574.

No error was therefore committed by the trial court and the judgment should be affirmed. Judgment affirmed.

Bierly, C. J., Mote and Smith, JJ., concur.

NOTE.—Reported in 207 N. E. 2d 846.