MARGARET FOLEY *v*. CELIA COLBY.

[No. 1269A246. Filed February 10, 1971.]

*Brent A. Barnhart, Raymond I. Klagiss, Kenneth C. Kern & Associates,* all of Indianapolis, for appellant.

*John G. McNutt,* of Indianapolis, for appellee.

HOFFMAN, C.J.—Plaintiff-appellant appeals from a judgment entered for defendant-appellee at the close of appellant's evidence in an action for damages for conversion of personal property.

The issue presented by this appeal is whether or not appellant's evidence constitutes a prima facie case of conversion.

Appellant filed a complaint for damages and trial was to the court, without a jury. At the conclusion of plaintiff-appellant's evidence the following appears in the record before us:

"*MR. KERN:*    The Plaintiff rests, your Honor.

"*THE COURT:*    Mr. Quill.

"*MR. QUILL:*    If it please the Court, at this time the Defendant would like to *move for judgment in favor of the Defendant* upon the following grounds and for the following separate and several reasons: * * *." (Emphasis supplied.)

Following defendant-appellee's oral motion for a judgment there was oral argument by both parties and the court made the following ruling:

"[T]herefore I'll have to sustain the Defendant's motion for a finding. At this time there will be a judgment for the Defendant * * *."

Thereafter, the trial court entered judgment as follows:

"Come now the parties by counsel, and this cause being at issue is submitted to the Court for trial, finding and judg-

ment; and the evidence being heard, and the Court being duly advised in the premises, now finds for the defendant on the complaint and against the plaintiff for costs herein.

"It is Therefore Considered and Adjudged by the Court that the plaintiff have and recover nothing on the complaint, and that the defendant have and recover of and from the plaintiff costs herein expended and taxed at $6.00."

Defendant-appellee presented no evidence. Neither did appellee rest her case and, therefore, allow the trial court to weigh the evidence. The trial ended on the trial court's judgment entered after appellee's oral motion for a judgment at the close of appellant's evidence.

Appellant's sole assignment of error is the overruling of her motion for a new trial.

In such case this court may consider only the evidence, together with any reasonable inferences which may be drawn therefrom, most favorable to appellant. We may not weigh the evidence and must exclude all conflicting evidence that is favorable to appellee. *Gwaltney Drilling, Inc.* v. *McKee,* 148 Ind. App. 1, 259 N. E. 2d 710, 716, 22 Ind. Dec. 48 (1070) ; *Brickman* v. *Robertson Bros. Dept. Store, etc.,* 136 Ind. App. 467, 202 N. E. 2d 583 (1964) ; *Ross* v. *Thompson et al.,* 128 Ind. App. 89, 146 N. E. 2d 259 (1957) ; *Garrett* v. *Estate of Hoctel, etc.,* 128 Ind. App. 23, 142 N. E. 2d 449 (1957), (transfer denied).

The judgment of the trial court can be sustained only if the evidence viewed in a light most favorable to appellant, together with any legitimate inferences to be drawn therefrom, fails to support one or more of the elements of conversion.

The definition of conversion in Indiana has remained virtually unchanged for many years. This court in *Hunter* v. *Cronkhite,* 9 Ind. App. 470, at 471, 36 N. E. 924 (1894), quoted with approval 4 Am. and Eng. Encyc. of Law, 108, as follows:

" 'Conversion consists, as a tort, either in the appropriation of the personal property of another to the party's own use and benefit, or in its destruction, or in exercising dominion over it, in exclusion and defiance of the rights of the owner or lawful possessor, or in withholding it from his possession, under a claim and title inconsistent with the owner's.' " See also: *Sikora* v. *Barney, et al.,* 138 Ind. App. 686, 207 N. E. 2d 846 (1966), (transfer denied) ; *Hardy* v. *Heeter,* 120 Ind. App. 711, 96 N. E. 2d 682 (1951) ; *Prudential Ins. Co.* v. *Thatcher,* 104 Ind. App. 14, 4 N. E. 2d 574 (1937), (transfer denied) ; *Beaver Products Co.* v. *Voorhees,* 81 Ind. App. 181, 142 N. E. 717 (1924).

The evidence in the record before us, viewed in a light most favorable to appellant, may be summarized as follows:

Appellant was a tenant in appellee's apartment house located in Indiana, from September, 1967 until September, 1968. Storage lockers located in the basement of the apartment building were for the use of tenants in the building. It was incumbent upon appellant to take a locker not in use and place her own lock on it.

Appellant cleaned an empty locker and placed in it a chiropractic adjusting table, a stepladder, and a trunk containing various other items. Appellant then put her own lock on the storage locker.

In May, 1968, appellant discovered that her lock had been broken and her personal property removed from the locker.

Appellee's custodian testified that he had, at the direction of appellee, broken seven locks and contracted with junk men to haul away the contents of the lockers. The custodian testified that he had posted notices near the mail boxes to the effect that all tenants should put their name and number of their apartment on their lockers. These notices were posted approximately ten days prior to his breaking the locks and having the items removed.

It has long been the law in Indiana that "the essence of every conversion is the wrongful invasion of the right to, and

absolute dominion over, property owned, or controlled, by the person deprived thereof, or of its use and benefit." *Seip* v. *Gray*, 227 Ind. 52, at 56, 83 N. E. 2d 790, at 792 (1949), and cases there cited.

The evidence in the instant case establishes that appellant's personal property was confined to her storage locker and secured by her lock. Breaking of the lock and disposing of the personal property was a wrongful invasion of the right to, and absolute dominion over, appellant's property. This wrongful invasion, done at appellee's request by her employee, deprived appellant of the use and benefit of her property.

Where possession of the personalty is obtained wrongfully, no demand is necessary prior to commencing suit. *Prudential Ins. Co.* v. *Thatcher*, 104 Ind. App. 14, 4 N. E. 2d 574 (1937), (transfer denied) ; *Salvation Army* v. *Ellerbush*, 87 Ind. App. 682, 161 N. E. 638 (1928) ; *Deeter* v. *Sellers, et al.*, 102 Ind. 458, 1 N. E. 854 (1885).

Appellant did establish a prima facie case of conversion. Therefore, it was error for the trial court to sustain appellee's motion for a judgment at the close of appellant's evidence.

Judgment reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

Sharp and White, JJ., concur; Staton, J., concurs with opinion.

## CONCURRING OPINION

STATON, J.—"The definition of conversion in Indiana has remained virtually unchanged for many years." I concur with Chief Justice Hoffman's statement and the results reached by him in his opinion. However, it does appear to me that something might be gained here by re-examining the segmentation of conversion, and in so doing, separate those segments which are necessary from those which are not necessary to establish a prima facie case in conversion.

The only question presented here on appeal is whether the

appellant submitted sufficient evidence to make a prima facie case of conversion.

The appellant's evidence in summary is that she rented an apartment from appellee in the month of September, 1967. Appellant was told that she could have one of the storage lockers in the basement of the apartment building. A storage locker was selected and cleaned out by the appellant. She stored certain items of personal property in the locker and placed a padlock on the gate. Thereafter, upon her return to the locker in the basement one day during the month of May, 1968, she found that the locker was empty. The appellee, through her agent, the apartment custodian, caused notices to be posted in the apartment building by the mail boxes. These notices advised all tenants occupying basement lockers of the intended action to be taken by the appellee, which was the cleaning out of all unclaimed lockers. Appellant testified that she had no knowledge of the notice. It does not appear anywhere in the evidence that the appellant was personally notified by the appellee or by the appellee's agent, the custodian. It may be inferred from the evidence that some basement storage lockers had been unopened for a considerable length of time and that the appellee had purchased the apartment building recently and desired to put the basement storage lockers in order for the use of new tenants and for her own information. The appellee's agent-custodian caused seven (7) locks to be broken on storage lockers in the basement. He made arrangements for two (2) junk men to carry away the contents. The custodian had an independent recollection of seeing appellant's chiropractic table being carried out of the building by two junk men. Appellant's trunk was found in the custodian's apartment. The custodian testified that he had found it in the boiler room. The appellant told the appellee's custodian that she valued the items taken from her locker and wanted them returned. She further testified as to the value of the items taken which could be replaced. Some items were irreplacable.

The gist of "conversion" is the unauthorized assumption of the powers of the true owner. *Casey* v. *Kastel,* 237 N. Y. 305, 142 N. E. 671, 673 (1924) ; 31 A. L. R. 995.

Any distinct act of dominion wrongfully exerted over one's property in denial of their rights or any dealing with the property of another which excludes the owner's dominion is a conversion. *Talich* v. *Marvel,* 115 Neb. 225, 212 N. W. 540, 541 (1927) ; *State* v. *Wilcox,* 179 S. W. 479, 481 (Mo. 1915).

The term "prima facie" has no narrow or restricted meaning synonymous with "inference" or "presumption." A "prima facie case" is that which is received and continues until the contrary is shown, thereby standing unexplained and uncontradicted. "The words 'prima facie' when used to describe evidence, *ex vi termini,* imply that such evidence may be rebutted by competent testimony." *Frank Meline Co.* v. *Kleinberger,* 290 P. 1042, 1043, 108 Cal. App. 60 (1930) ; *Morrison* v. *Flowers,* 139 N. E. 10, 12, 308 Ill. 189 (1923). See *Words* and *Phrases* for additional definition of prima facie case).

The appellee did not present any rebutting or controverting evidence. At the close of appellant's evidence, the appellee moved for a finding for the defendant-appellee. Therefore, the summary of the direct evidence given was all presented in support of appellant's complaint for conversion.

To establish a prima facie conversion case, the appellant had only to show by the evidence :

(1) That she had exclusive rights of possession in and to the personal property described in her complaint.

(2) A description of the personal property allegedly converted.

(3) Appellee's exercise of dominion over said personal property in exclusion and in defiance of appellant's rights to possession.

(4) That appellee's acts were unauthorized or tortuous.

(5) Damages sustained as a result of the acts of appellee.

The evidence clearly shows that the appellant established her possessory interest in the goods taken. The appellee broke

the locks on appellant's locker gate and had most of the contents thereof carried out of the apartment building by two junk men. This was all done without any authorization either implied or actual from the appellant. The only item of personal property which remained on the premises was appellant's empty trunk. The appellant described the items of personal property taken from the locker and testified as to their value. She stated the approximate amount of her damages as a result of the conversion by the appellee. The wrongful taking of the appellant's personal property from her locker by appellee did not require a demand for the return of the property before bringing suit. Appellee may be able to show that under the terms of the appellant's lease that such taking was not wrongful and that appellee had a right to take possession of such stored personal property, but the record shows no such evidence. *Salvation Army* v. *Ellerbush*, 87 Ind. App. 682, 161 N. E. 638 (1928) ; *First National Bank of Rensselaer* v. *Ransford*, 55 Ind. App. 663, 104 N. E. 604 (1914).

It is not important to appellant's prima facie case that appellee posted a notice by mail boxes of tenants or that the appellee removed the articles of personal property from the locker in good faith. *Kee* v. *Becker*, 129 P. 2d 159, 54 Cal. App. 2d 466 (1942).

There is no evidence showing that the appellant knew about the notice or that she would have had to act upon said notice if she had known of its existence.

Evidence given by the appellant showing asportation and manucaption was indeed helpful to the court, but this evidence was not necessary to establish a prima facie case of conversion. Asportation and manucaption are not necessary elements of a prima facie conversion. *West Yellow Pine Co.* v. *Stephens*, 86 So. 241, 243, 80 Fla. 298 (1920).

A demand for the return of personal property which has been the subject of a conversion may be a necessary element of a prima facie showing of conversion where a lawful taking

is shown by the evidence, however, a formal demand is not necessary. The evidence presented by the appellant in the present case shows that she told the custodian that she valued the items taken and that she wanted them back. Even such a statement as this may be sufficient to constitute a demand when considered with all of the evidence presented. The appellant's evidence set forth a prima facie unauthorized and unlawful taking. No demand is necessary in an unlawful conversion to establish a prima facie case. Certainly, no demand is necessary in either a lawful or unlawful taking where it appears from the evidence that such a demand would have been unavailing. In the present case, the only item of personal property left on the premises was the appellant's trunk. All of the other items of personal property belonging to the appellant had been carried out by two junk men. Where such items of personal property came to rest is beyond conjecture or speculation. *Ranier et al.* v. *Stephanoff*, 81 Ind. App. 166, 141 N. E. 523 (1923) ; *Hays* v. *Burns*, 106 Ind. App. 374, 19 N. E. 2d 862 (1938).

The appellant established a prima facie case for an unlawful conversion. It was error for the trial court to sustain appellee's motion for judgment at the close of appellant's evidence.

Judgment should be reversed and cause remanded with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 266 N. E. 2d 619.